JOSEPH H. ENGLISH, sheriff, *et al.*, plaintiffs in error, *vs.* MARY E. REID *et al.*, defendants in error.

1. Where property was sold under a mortgage, and an execution of older date than the mortgage and the homestead act of 1868, was placed in the hands of the sheriff, claiming the proceeds, but said officer paid over a part of the fund to the mortgagee and the balance to a receiver appointed by the ordinary to receive such money, and to invest the same in a homestead for the benefit of the wife of the mortgagor:

*Held*, that a rule absolute was properly issued against said sheriff at the instance of plaintiff in *fi. fa.*

2. An agreement to satisfy an execution for a less amount than it calls for, must be executed to be binding. Negotiations looking to that end are inadmissible to show such satisfaction.

Executions. Contempt. Evidence. Before Judge BARTLETT. Greene Superior Court. November Adjourned Term, 1874.

Reported in the decision.

M. W. LEWIS & SON; JAMES L. BROWN, for plaintiffs in error.

A. G. & F. C. FOSTER; JOHN C. REED, for defendants.

WARNER, Chief Justice.

This case came before the court below on the trial of an issue formed on the answer of the sheriff of Greene county to a rule obtained against him for money in his hands, which was contested by the parties claiming the same. It appears from

the evidence in the record that a house and lot in the city of Greensboro was sold by the sheriff on the first Tuesday in October, 1873, under a mortgage *fi. fa.*, in favor of Mayfield and wife, against Johnson, for the sum of $2,850 00; that A. G. & F. C. Foster, as attorneys at law of Mary Colt, had obtained a judgment and *fi. fa.* in her favor against Carson, Johnson & Morrison, which judgment was dated 10th of September, 1866; that on the 4th of November, 1872, the Messrs. Foster, as the attorneys of Mary Colt, notified the sheriff, in writing, "to hold all money that has come, or may come into your hands from the sale of the property of the defendants in the above stated *fi. fa.*, or either of them, subject to the order of the superior court, as we shall contend for the same to be applied to the payment of the above stated *fi. fa.*" This notice to the sheriff was accompanied by the *fi. fa.*, which was in the sheriff's hands; that after the mortgage *fi. fa.* was levied on the house and lot as the property of Johnson, his wife, in behalf of herself and children, applied for a homestead exemption therein, which was contested, and on an appeal from the decision of the ordinary to the superior court, the homestead was allowed, subject to the mortgage debt; that when the house and lot was sold by the sheriff under the mortgage *fi. fa.*, he applied the sum of $789 50 to the mortgage debt, in satisfaction thereof, and paid the balance in his hands, $2,018 00, to Brown, who had been appointed receiver by the ordinary, to receive and invest the same for the benefit of Mrs. Johnson and her children, taking an indemnifying bond to protect himself against loss, if he should be ruled for the money, he having in his hands at the time the Colt *fi. fa.*, which was older than the mortgage *fi. fa.*, and the notice of the Messrs. Foster. On this statement of facts, the court decided that the rule should be made absolute for the amount due on the Colt *fi. fa.* out of the money in the hands of the sheriff, arising from the sale of Johnson's property; that the mortgage *fi. fa.* should rank next in priority, but as the sheriff had paid off that, the rule should be discharged as to the mortgage *fi. fa.*; and he having paid the

English *et al. vs.* Reid *et al.*

net balance in his hands arising from the sale of Johnson's property over to the receiver appointed by the ordinary, to be invested as a homestead exemption for the benefit of Mrs. Johnson and her children, that the rule be discharged as to that net balance. To which decision of the court the parties defendant in the rule excepted.

On the trial the defendants in the rule endeavored to prove that inasmuch as the Colt *fi. fa.* had been assigned, that it had been paid off to the assignees thereof, and for that purpose, offered the testimony of Branch, Stone and Brown in relation to a correspondence with some of the assignees of the judgment, proposing to settle the claim by the payment of $1,000; that Stone had the $1,000 00 on the day of sale, but never tendered any money; that Brown had a conversation with Grimes, one of the assignees, on the day of the sale of the property, who was much dissatisfied with Colonel Foster, because he would not take the $1,000 00, etc., which testimony so offered was ruled out by the court, and the defendant excepted. In view of the facts of this case, as disclosed by the evidence in the record, we find no error in overruling the motion for a new trial.

1. The Colt *fi. fa.* was of older date than the homestead act, and of older date than the mortgage *fi. fa.* under which the property was sold. The sheriff had that *fi. fa.* in his hands with notice to retain the money when he paid out the same, taking an indemnifying bond to protect himself in case he should be ruled for the money, as he might reasonably have expected to be, and therefore he must look to his indemnity bond for protection after he has paid the amount due on the Colt *fi. fa.*

2. The evidence offered for the purpose of showing that the Colt *fi. fa.* had been satisfied did not even approximate to the establishment of that fact; there was no *executed* agreement to that effect, and no money paid, therefore the evidence offered in relation to that point in the case was properly ruled out by the court.

Let the judgment of the court below be affirmed.