Burnham vs. The City of Milwaukee.

BURNHAM, Respondent, vs. THE CITY OF MILWAUKEE, Appellant.

*September 22 — October 11, 1887.*

*Appeal: Pleading in action against a city by assignee of contract.*

|    |     |
|----|-----|
| 69 | 379 |
| 78 | 208 |
| 69 | 379 |
| 81 | 359 |
| 69 | 379 |
| 84 | 599 |
| 69 | 379 |
| 57 LRA | 148 |

1. The exercise by the trial judge of his discretion in refusing to strike allegations from a pleading will not be disturbed on appeal for mere technical reasons. where no substantial rights are affected, and the matter sought to be stricken out is not unnecessarily scandalous.

2. It is not necessary, in a complaint against a city for the amount due on a contract for the construction of a sewer, to set forth the plans and specifications of the work, but it is sufficient to refer to them therein, they being presumably in the possession of the city.

3. The complaint, in an action against a city upon a contract made by its board of public works, need not state the names of the members of that board, as they are necessarily known to or readily ascertainable by the city.

4. An allegation in such complaint that the city, by its board of public works, made certain changes in the original contract, and required certain extra work, is sufficiently definite, without stating by what members of the board those acts were done.

5. Nor is it necessary to set out in such complaint what changes were made and what extra work required, when the items sufficiently appear in bills of particulars filed with and as a part of the complaint.

6. A general allegation in the complaint, that the original contractor, with the consent of his sureties and of the board of public works, "assigned the contract to plaintiff, together with all his claims for money earned and to be earned under it, and for and on account of said extra work and materials; that accordingly, in the completion of the sewer under the contract, plaintiff assumed in every respect the position and situation of" such contractor, is sufficiently definite as to such assignment and substitution.

7. It is not necessary, in a complaint by such assignee for the amount due on the contract, to state the part performed by the assignor separately from that performed by the assignee.

8. Where, before suing on such contract, the plaintiff has submitted the question of the amount due him to the arbitrament of the board of public works, and it has not dealt fairly with him, allegations

of facts, showing bad faith and unworthy motives on the part of the members of the board, are necessary to show that the plaintiff is not bound by their determination.

APPEAL from the County Court of *Milwaukee* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an appeal from an order refusing to strike out seven different portions of the complaint as irrelevant and redundant, and refusing to make nineteen other different portions more definite and certain. The complaint covers seventeen printed pages, with three bills of particulars thereto annexed as a part thereof, marked, respectively, "A," "B," and "C," covering seven additional printed pages. It is to the effect that, October 29, 1880, one Michael Rice (with the plaintiff *Burnham* and one S. S. Bryant as sureties and guarantors) contracted with the city to furnish all materials and do all work necessary and required for the construction of a sewer of about 4,500 feet in length, at a certain price, in accordance with certain plans and specifications, to be done under the direction and superintendence of the board of public works, who reserved the right to make such changes in the plans and specifications as such board might deem necessary,— any increase in the amount of work done or materials furnished to be paid for according to the quantity actually done and furnished, and such amount to be finally and conclusively adjusted and determined by said board; that, upon commencing the construction of the sewer, Rice was directed by the board to build 1,200 feet of it with brick, instead of wood, as provided in the contract, which he did under the daily directions of the board; that Rice accordingly did extra work and furnished extra materials to the amount of $19,403, a bill of the particulars of which items was attached to the complaint, and marked "Exhibit A;" that by reason of such large outlays, and the refusal of the board to give estimates and certify

to such extras, Rice became insolvent, and thereupon the board notified *Burnham* and Bryant that it would require them to carry out the contract, to which Rice consented, and thereupon, and with the consent of the board and both sureties, assigned the contract to *Burnham*, together with all his claim for money earned, and to be earned, under it, and for and on account of said extra work and materials; that accordingly, in the completion of the sewer under the contract, *Burnham* assumed in every respect the position and situation of Rice, and *Burnham* and Bryant agreed to continue their liability for the complete perform-ance of the contract; that thereupon, and under the daily supervision, control, and direction of the board, *Burnham* entered upon the work of building the sewer, and finally completed the same to the satisfaction of the board; that in doing the same he furnished extra work and materials to the amount of $10,949.01, of which a bill of particulars is attached to the complaint, and marked "Exhibit B;" that January 30, 1885, the sewer was accepted by the board, and that then the total amount of the extra work done and extra materials furnished by Rice and the plaintiff, as aforesaid (less $1,750, what it would have cost to have constructed the straining chamber according to the origi-nal specifications), was $28,593; that, under the contract, the amount due the plaintiff for the contract price, and said extra work and materials, was to be adjusted and allowed by the board, and could only be collected upon an estimate given by the board; that the members of the board were anxious and desirous of concealing from the common council and the citizens of Milwaukee the fact that, by their incompetency and ignorance, so many changes and alterations had been necessary, and had been made, and of the fact that so much extra work had been necessary; that the members of the board were desirous of escaping the odium of a criticism of the manner in

which they had caused the sewer to be constructed, and of the large expense, and were also fearful, if the attention of the public were particularly called to said sewer, and the method of its construction, that the fact that the sewer was absolutely useless would become known, and accordingly their ignorance and incompetency become subject to criticism; that, upon such acceptance of said sewer by the board, the plaintiff immediately sought an adjustment of the amount due him under the original contract, as altered, for the work done by him and Rice, and also for the extra work done and materials furnished by him and Rice, and, for the purpose of such adjustment, met the board at one of its meetings, when it was agreed by them that they would meet at their office February 7, 1885, at 2 P. M., the plaintiff and his witness to prove the amount of extra work and materials so done and furnished; that at the time and place named the plaintiff was present with his witness, but the door of said office was locked; that the plaintiff waited at the front thereof a long time, but was not permitted to enter; that his witness waited in front of said office seeking admittance until late in the evening of that day, and until the adjournment of the board, the members of which wrongfully prevented the plaintiff from having a hearing, and wrongfully excluded him and his witness from the meeting, and refused to entertain his demand for an adjustment; that on the following day the plaintiff was informed that his account had been adjusted, and that there was due him $4,787.48; that the same only included $700 for extra work and materials, and then improperly deducted therefrom $868.80; that a copy of the adjustment so made by the board is attached to the complaint, and marked "Exhibit C;" that in making said adjustment, the board acted fraudulently, and pretended that they would give the plaintiff an opportunity to produce witnesses, and then refused, and made said adjustment,— not

honestly for the purpose of giving the plaintiff an estimate of what was justly and truly due to him on the account, but for the single and only purpose of concealing from the public their own ignorance and incompetency; that July 17, 1885, the plaintiff petitioned the mayor and common council of the city to allow him for such extra work and materials, which petition, after a reference, was, upon the solicitation, advice, and representations of the members of the board, indefinitely postponed, October 26, 1885; that September 7, 1886, the plaintiff requested the board to fix upon a time and place for an accounting and settlement, and, when fixed, give the plaintiff notice thereof; that after September 8, 1886, the board refused to enter into any such accounting or adjustment, and refused to fix any time or place for the same, or to make any further adjustment, or to exercise the powers conferred upon it by the contract to be the judge of the amount due and owing to the plaintiff under the contract; that such action of the members of the board was for the same reasons as stated; that the plaintiff refused to accept, and had not accepted or received, said $4,787.48; that by virtue of the premises the city is indebted to the plaintiff for the aggregate amount of the three several sums mentioned, to wit, $28,593, $4,787.48, and $868.80,— amounting in all to $34,249.28,— together with interest thereon from January 30, 1885, and demanded judgment accordingly.

*Eugene S. Elliott*, for the appellant, argued, *inter alia*, that the specifications for the sewer contained many of the most essential parts of the contract, and should have been set out in the complaint. *Morse v. Gilman*, 16 Wis. 504; Gould's Pleading, ch. 4, sec. 27. The names of the different members of the board of public works who are charged with fraud should have been set out. *Wright v. Forrestal*, 65 Wis. 341. The complaint states two causes of action, one in favor of the plaintiff as assignee, and one in his

favor as an individual, and they should have been stated separately.    *Clark v. Langworthy,* 12 Wis. 441; *Flanders v. Mc Vickar,* 7 id. 372; *Sentinel Co. v. Thompson,* 38 id. 489.

For the respondent there was a brief by *Finches, Lynde & Miller,* and *Rogers & Mann,* and oral argument by *Geo. P. Miller.*

CASSODAY, J.    The complaint is not objectionable for omitting to embody the plans and specifications referred to in the contract.    They are presumably in the possession of the defendant; if not, they are easily obtainable in the method prescribed by law.    There is no reason for making the complaint more definite and certain by stating the several names of the members of the board at the different dates mentioned, as they were necessarily known, or readily ascertainable by the city authorities.    The alleged consent of the board to the assignment of the contract by Rice to *Burnham* is the allegation of a fact, and seems to be sufficiently definite and certain for practical purposes.    No new contract is alleged, but merely the substitution of *Burnham* in the place of Rice to perform the old one, brought about by the action and non-action of the defendant.    It is alleged, with sufficient certainty and definiteness, that all parties agreed to such substitution and assignment.

It is claimed that the complaint should be made more definite and certain by showing what changes and extra work were made necessary after the assignment, and when and by whom the several changes were made, and what extra work and materials were made necessary thereby.    The members of the board were necessarily the agencies of the board which had the control of the job.    An allegation as to the act of the principal includes the act of the agent.    The several actions of the board being alleged, the defendant is presumed to know the several agencies by which it acted.    The respective bills of particulars, with the several items therein

under different dates, seem to supply any want of definite-ness and certainty in the complaint itself as to the extra work and materials. All the work was done, and all the materials furnished, under the one entire contract made with Rice, and by him assigned to the plaintiff. The breach alleged is the failure to adjust, settle, or certify the amount due thereon, and to pay the same, after the contract was fully performed. Rice only partially performed the con-tract. The plaintiff took it up where he left it, and carried it forward to completion. The work done and materials furnished by the one alone, did not constitute a complete cause of action; it was the work done and materials fur-nished by both which gave the right to recover. There is no good reason for separating things which are thus insep-arable. The contractor, having submitted himself to the arbitrament of the board, would be concluded by its deter-mination, in the absence of fraud or bad faith. *Wright v. Forrestal,* 65 Wis. 341. Hence the necessity of alleging the facts constituting bad faith and unworthy motives upon the part of the board and its members. Such are the allega-tions sought to be stricken out. In motions like this, the trial court necessarily has a broad discretion. The exercise of such discretion will not be disturbed by this court upon mere technical grounds, and where no substantial rights are affected, and the matter sought to be stricken out is not unnecessarily scandalous. *Brachman v. Kuehnmuench,* 64 Wis. 249. To do so would be to encourage what ought to be discouraged.

*By the Court.*— The order of the county court is af-firmed.