Swift & Co. v. Bleise.

---

Swift & Company v. Edward Bleise.

Filed February 6, 1902.    No. 10,691.

Commissioner's opinion, Department No. 1.

1. Corporation: Foreman: Allegation: Authority: Evidence: Objection. Allegation that defendant corporation did certain things by its foreman is a sufficient allegation of the latter's authority, as against an objection to all evidence at the trial.

2. ———: ———: Fellow-Servant: Negligence. Negligent act of a foreman, with general control and authority to employ and discharge workmen, in ordering a subject workman upon an elevator, and himself operating the elevator with negligence, to the workman's injury, held, properly regarded by the trial court as not the act of a fellow-servant but of a vice-principal.

3. Instruction: Answer: Lameness. Instruction that defendant's answer denied lameness of plaintiff, where answer really denied that it was caused by defendant, and by the means alleged, held prejudicial error, where there was evidence tending to show a previously existing lameness.

4. Refusal of Instruction: Damage: Evidence. Refusal of instruction to effect that defendant was not responsible for damage caused by want of reasonable care on plaintiff's part after the alleged injury, held erroneous, where evidence had been admitted, without objection, tending to show that plaintiff's condition, expense, and suffering were in part due to his failure to exercise reasonable care after the hurt received.

Error from the district court for Douglas county. Tried below before Baker, J.  *Reversed.*

*I. R. Andrews,* for plaintiff in error.

*Ed P. Smith* and *James B. Sheean, contra.*

HASTINGS, C.

Thirty-seven assignments of error are made in this case. Comparatively few of them, however, are urged by counsel, and only those will be considered. The first is that the petition does not state a cause of action, for the reason that it is nowhere alleged that the foreman, Fred Apel, had authority or control over the plaintiff, or that it was any part of his duty to operate the elevator in question. The defendant company says that such an allegation was necessary to disclose a right of action against it. The plaintiff's claim in this action is that he was ordered by the defendant, through its foreman, Mr. Apel, to place two trucks upon the elevator in defendant's packing house, and to go down into the lower part of said building to obtain material for sausages required on the sixth floor, for the purpose of smoking them; that the elevator man was absent, and the foreman instructed plaintiff to place himself and the trucks upon the elevator, and that it would be operated by the foreman himself; that he did so; that the foreman attempted to manage the elevator and lower it, but was ignorant of its manner of operation, and incompetent to perform such duties, and lowered the elevator so carelessly, negligently and recklessly, and with such want of skill that it fell to the bottom of the building with such violence that plaintiff was thrown against its floor and upon the trucks, and sustained injury in the breaking of the knee cap of his left leg, injuring the tendons and ligaments connected with it, and was otherwise bruised; that his injuries were caused by the ignorance, carelessness, negligence and lack of skill of the foreman, of which plaintiff was not previously advised. The answer admits that defendant is a corporation; admits that plaintiff was in its service prior to August 3, 1894, and, with other employees, accustomed

to use the elevator and go up and down with trucks "as directed"; that Apel operated the elevator in which the plaintiff was descending; denies that plaintiff was injured as alleged; denies that the alleged "lameness and stiffness in his left knee, as well as his suffering in body and mind, is in anywise owing to or the result of any injury received by him in going down in said elevator, as set forth in said plaintiff's petition"; and denies generally.

Plaintiff's allegation was that defendant ordered these things to be done, and the admission is that the plaintiff was accustomed to use this elevator "as directed." Ordinarily, it is sufficient to enable one to introduce proof of acts done by means of an agent to allege that the principal did it. *Bank of the Metropolis v. Guttschlick,* 14 Pet. [U. S.], 19; *Hoosac Mining & Milling Co. v. Donat,* 10 Colo., 529; *Edison Electric Light Co. v. United States Electric Lighting Co.,* 35 Fed. Rep., 134; *Burnham v. City of Milwaukee,* 69 Wis., 379, 34 N. W. Rep., 389; *Todd v. Minneapolis & St. L. R. Co.,* 37 Minn., 358, 35 N. W. Rep., 5. Of course, the defendant corporation could act only by an agent. It would seem that the allegations here are sufficient to indicate, at least after a verdict, that the several directions which plaintiff is alleged to have received came from defendant by authority, and that Apel had, with defendant's assent, control of the appliances which it is admitted that plaintiff was accustomed to use "as directed." Assuming, then, that Apel's authority is sufficiently indicated, the question is whether the injury, under the circumstances, is simply a result of the acts of a fellow servant—a risk which the plaintiff had assumed—or of negligence by a vice principal. Undoubtedly the simple fact that Apel was foreman would not cause an injury arising from his merely assisting in the work, entirely independent and apart from any exercise of authority by him, to be imputed to the employer. No decisions of this court, nor of any other, have been called to our attention which preclude the same person acting at different times in different capacities. He might be foreman at

one time, and assistant workman at another, and that all on the same day and in the same place, so far as any decisions cited here are concerned. Counsel for the defendant is entirely correct in saying that the decisions of this court do not hold "that the master is liable for the personal act of the foreman, wholly disconnected with his duties of supervision." Liability for the acts of a vice principal is, in this state, derived from the authority given him, and, of course, can not be separated from an exercise of that authority. The question here is, whether or not the action of Apel in ordering the plaintiff on the elevator with the trucks, and in himself undertaking the task of lowering him, were so far separate transactions that the latter is to be considered as wholly distinct from the duty of supervision. It would not seem so. If the doctrine of responsibility for the act of the vice principal is to be derived from his authority, it ought to be applied whenever the vice principal's negligence coincides with an exercise of that authority. The position of plaintiff is quite different from that in which he would have been if he had at his own instance, and without specific direction, entered upon the elevator with the trucks, and a fellow-workman, or even the foreman himself had simply volunteered to lower the elevator. He would have been taking the risk himself. Here he was ordered into the elevator with the trucks by the foreman, who is conceded to have had the authority, in fact, and the right to employ and discharge workmen. His refusal would undoubtedly have cost him his place. While carrying out this order he was injured, as the jury find, by the fault of this foreman. The trial court held that under such circumstances the negligence of the foreman is to be deemed the negligence of his employer. In this respect we are unable to distinguish this case from *Crystal Ice Co. v. Sherlock*, 37 Nebr., 19; *Sioux City & P. R. Co. v. Smith*, 22 Nebr., 775; and *New Omaha Thomson-Houston Electric Light Co. v. Baldwin*, 62 Nebr., 180. The negligent act was not by any means wholly disconnected with his duties of supervision. It was the direct result of his

exercise of those duties in giving orders to, and directing the movements of, plaintiff in connection with his own contemporaneous acts. To hold that the sole cause of the injury was the bad manipulation of the elevator, is to ignore a large part of the transaction, and the important part, so far as plaintiff's position is concerned. That manipulation was only a part of the foreman's authoritative arrangements.

There are various errors complained of in the giving and refusal of instructions, which must be noted. The first is a complaint that the trial court misstated defendant's answer. The statement in paragraph two of the instructions is, "defendant denies that the plaintiff was injured in the manner and form as stated in his petition, and denies the alleged lameness of the defendant, and denies each and every other allegation." This instruction given on the court's own motion is in accordance with certain refusals of instructions asked by the defendant, which will be considered later. The defendant complains that it indicates a complete denial of any injury to the plaintiff and any lameness on his part, whereas the answer is a denial that plaintiff was injured as alleged, and a denial "that the alleged lameness and stiffness in his left knee as well as his suffering in body and mind is in anywise owing to, or the result of any injury received by him, while going down in said elevator as set forth in said plaintiff's petition." That this is quite decidedly a different matter from a complete denial that any injury was received, or that any lameness existed at the time of the trial, must be conceded. In some states of the evidence it might be entirely unprejudicial. In this case, however, we find that plaintiff, in his brief, concedes "there was some evidence received, which, if the proper issues had been raised by the answer, might have entitled the defendant to have submitted to the jury the question of the condition of the plaintiff's knee prior to the accident and also whether or not the injury was aggravated by his own conduct."

By instruction No. 10 defendant asked the court to

charge that it was the plaintiff's duty to take all reasonable care of the injured knee, and that if he failed to take such care, and conducted himself in a manner to aggravate and enhance the alleged injury, and on account of his failure the injury was increased or enhanced, he was not entitled to damages which resulted from his failure to take such proper and reasonable care. This instruction was refused. It has to be admitted that the matter sought by the above instruction to be laid before the jury was not specifically pleaded. It is claimed on behalf of plaintiff, in the first place, that any error in refusing said instruction was cured by the general instruction on damages given by the court in its No. 5. This instruction was as follows: "You are instructed that if you find for the plaintiff you will assess the damages to which you believe him entitled as shown by the evidence. In so doing you should allow him his necessary expenses for treatment of his injuries while in the hospital, and reasonable compensation for his loss of time in consequence of the injuries inflicted upon him, if you find such injuries were inflicted upon him through the carelessness, neglect or negligence of the defendant, as hereinbefore explained; a just and reasonable compensation on account of the pain and suffering, if any has been shown by the evidence, caused by said injuries; and if you find from the evidence that the plaintiff's injuries are permanent, and that a partial disability resulting from these injuries will continue in the future, you may allow plaintiff something also on account of such future disability, taking care that such allowance is just and reasonable, and supported by a preponderance of the evidence."

This instruction, it will be observed, while very clearly stated and placing the proper elements of damages distinctly before the jury, contains no exception as to aggravation by plaintiff's carelessness, or as to the consideration of his previous condition. We do not see how this instruction No. 5, while admittedly correct in stating the positive elements which go to make up the damages in a

case of this kind, can be held to take the place of defendant's requested instruction as to the negative elements which it is admitted the evidence in this case developed. Counsel for plaintiff contends that instruction No. 10 was not embraced within the issues; that this matter of subsequent conduct of plaintiff, and of his previous condition, must be specifically pleaded in order to be available by way of instruction. Of course, if this is true, the evidence was not admissible under the pleadings, and the failure to submit it by instructions can not be complained of. *Union P. R. Co. v. Elliott,* 54 Nebr., 299, 305; *Chicago, B. & Q. R. Co. v. Oyster,* 58 Nebr., 1, and *Union Stock-Yards Co. v. Goodwin,* 57 Nebr., 138, are cited to uphold this contention. All three of these cases are holdings that contributory negligence, as a defense to an action, must be alleged. They are not cases holding that mere proof in reduction of damages must be based upon a specific allegation; nor do they hold that a defendant is not entitled to have the effect of such evidence stated to the jury, in the absence of specific allegations. Instruction No. 10 asked only that the evidence be considered in reduction of damages, and it would seem that evidence for that purpose was competent, and an instruction submitting such evidence to the jury right and proper, without any specific allegation. Such matters are peculiarly within the knowledge of plaintiff. They are liable not to come to defendant's knowledge until the trial, and, if they appear for the first time in the course of it, they are proper matters for the jury's consideration. They would seem to be distinctly part of those matters in mitigation of the injury, rather than of damages actually arising from it, which Greenleaf says may always be shown. 2 Greenleaf [Lewis's ed.], sec 266; *City of Crete v. Childs,* 11 Nebr., 252; 1 Ency. Pl. & Pr., 827. The defendant would seem to have the right to have them submitted in a properly drawn instruction for that purpose. This was especially true in connection with the version of defendant's answer which was given by the trial court to the jury. The instruction

given, with the refusal of the one requested by defendant, would indicate that the court's view was either the one now taken by the plaintiff's counsel, that the matter was not in issue, or else one which plaintiff's brief admits was wrong, namely, that there was no evidence to support it. It would seem that there was error, and error liable to be prejudicial, in the two, taken together.

The other complaints of both instructions given and those refused are based upon the defendant's assumption that the injury was the result of Apel's personal act, and not the result of any act of himself as foreman; and, as we have not deemed that contention well taken, it is not necessary to consider them further.

Complaint is made because of the refusal of the trial court to permit defendant to prove that the falling of the elevator five floors would have resulted in the breaking of its frame. It was objected to as incompetent, and it must be said that there is no showing that the witness knew anything more about that part of the matter than the jurors themselves might be presumed to know. Whether opinion evidence should be taken on this subject at all was probably discretionary with the court, but, at all events, the qualification of the witness is not shown to have been such that his answers would have been valuable.

Complaint is made of the misconduct of two of the jurors in taking notes of the evidence at the trial. We are not prepared to say that this was misconduct, in and of itself. It is difficult to conceive how this could have happened to any great extent in a public trial without coming to a diligent defendant's knowledge, and if it did, of course, error would be waived if no objection was taken. In some of the states, taking notes by jurors is expressly authorized by statute. It does not seem to be necessarily prejudicial. It is not claimed that any prejudicial circumstance beyond the bare fact that two of the jurors took shorthand notes of greater or less extent, is shown. From the affidavits of one of the note takers and of other jurors, the trial court would have been amply warranted in finding

that shorthand notes were taken by Smith and Weinberger, but were not read or referred to in the jury room. This would not, in our opinion, call for a reversal of the case.

The complaint of prejudice on the part of the juror Adams, it is not necessary to discuss, as he can not serve again on this case.

For the error in telling the jury that defendant denied the lameness, and in refusing to instruct that defendant was not responsible for any additional injury caused by plaintiff's own carelessness and neglect of reasonable subsequent precautions, the cause should be reversed.

It is therefore recommended that the cause be reversed and remanded for further proceedings.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.