### 5740. KENNEDY *v.* MADDOX *et al.*

1. That the sole consideration of the note upon which the suit was based was an agreement that this note was to be given and accepted in accord and satisfaction of another note, upon which the defendants were liable to the plaintiff, is undisputed; and there is sufficient evidence in behalf of the defendants to authorize a finding that the attempted accord, by the terms of which their note for $450 was to be satisfied by delivering to the plaintiff, in exchange for it, certain mules and a new note for $112, was never executed, for the reason that the plaintiff failed and refused to deliver the first note to the defendants as he agreed, and placed it in the control of the surety thereon, with the result that the surety was subrogated to the rights of the plaintiff, and the defendants were subjected to liability to the surety. This evidence fully supported the plea of failure of consideration, for unless it appeared that the plaintiff's agreement or promise to deliver the $450 note, instead of actual performance by delivery of the note, had been accepted by the defendants

in satisfaction, the accord was merely executory. Proof that there was no such completed accord and satisfaction as was essential to supply a consideration for the note in suit authorized a finding for the defendants, because (according to the precise concept of the term "accord and satisfaction") nothing pertaining to an alleged accord and satisfaction must be left unsettled; and if either the giving or the acceptance in satisfaction be lacking, there can be no accord and satisfaction.

2. There is no assignment that any error of law was committed upon the trial; and though there is conflict in the testimony, the evidence warrants the conclusion that since the plaintiff did not comply with his contract to deliver the previous note, the accord was not satisfied; and therefore the court did not err in overruling the motion for a new trial.
DECIDED FEBRUARY 3, 1915.

Complaint; from city court of Dublin—Judge Hicks. April 13, 1914.

*T. E. Hightower,* for plaintiff. *Davis & Sturgis,* for defendant.

RUSSELL, C. J. The suit was upon a note for $112. The defendants pleaded failure of consideration. It appears from the record that the defendants had previously given the plaintiff a note for $450, upon which one J. J. Branch was their surety. Some time after the maturity of the $450 note, which was for the purchase-money of two mules, the plaintiff and the defendants made an agreement by which the defendants agreed to deliver up the two mules and to pay the plaintiff $112 as rental for the mules for the year in which the mules had been in their possession, and the plaintiff upon his part agreed to surrender the $450 purchase-money note for the mules to the defendants as soon as he could get it out of a certain bank. In pursuance of this attempted accord and satisfaction, the defendants delivered the mules to the plaintiff, and executed and delivered to him a note for $112, which is the basis of this suit. But the plaintiff, although he was frequently requested by the defendants to deliver up to them their $450 note, never did so, but put them off from time to time, according to their testimony, with one excuse and another relating to his inability to get possession of the paper. According to the defendants' testimony, it finally developed that the note was delivered into the possession of J. J. Branch, the surety for the defendants upon the $450 note, and in a subsequent suit between the defendants and J. J. Branch with reference to an alleged indebtedness by Branch to the defendants for guano, this note was set off by Branch against the defendant's demand for the guano. The plaintiff testified that he left the note with Branch inadvertently in making some other settlements

with him, but the evidence is undisputed that he had never made any demand upon Branch for the return of the $450 note. It further appears, in support of the testimony of the defendants upon this point, that the plaintiff, in taking a new note from Branch for $800, included the entire amount of the $450 represented by the defendants' former note in the new note executed by Branch.

Of course, if the jury had given the preference to the testimony in behalf of the plaintiff, such an accord and satisfaction as would have supplied consideration for the note now before us might have been established, but since there was testimony to show that the note for $112 here involved was given upon an express understanding that upon the delivery of the mules and this note the former outstanding note of the defendants was to be delivered up to them, it can not be said that the plea of failure of consideration was not supported by proof. An accord is merely an agreement, and, in contemplation of law, there can not be such a thing as an accord and satisfaction unless the accord is satisfied by an exact compliance with and completion of the agreement. Until there is complete satisfaction the accord is merely executory. It may be argued that the delivery of the old note for $450 by the plaintiff was not essential to the extinguishment of this demand, and that therefore the accord and satisfaction was completed even if he did not deliver the note to the defendants as he had agreed to do, and that under his theory of the case he was not responsible for the misuse of the note by Branch as a defense upon Branch's part to Maddox's suit against him for guano. It is true that sometimes the delivery of a promissory note which evidences a debt is not necessary as evidence that the debt has been extinguished. But according to the testimony for the defendants, the delivery of the note was an essential term in the proposed accord and satisfaction, and "to constitute a bar to an action on the original claim or demand, the accord must be fully executed, unless the agreement or promise, instead of the performance thereof, is accepted in satisfaction." 1 Corpus Juris, 530, sec. 17. Each party is alike entitled to satisfaction of the opposite party's undertaking; otherwise there would be an accord without satisfaction; and in this event there would be no consideration and no mutuality to support it. See *Lowry* v. *Sloan,* 51 *Ga.* 633; *English* v. *Reid,* 55 *Ga.* 241; *Brunswick R. Co.* v. *Clem,* 80 *Ga.* 534 (7 S. E. 84); *Chamblee* v. *Davie,* 88 *Ga.* 205 (14 S. E. 195); *Long* v. *Scanlan,* 105 *Ga.* 424 (31 S. E. 436).

There is no assignment that any error of law was committed on the trial. There is conflict in the testimony, but there was sufficient evidence to authorize the jury to find that the note upon which the suit is based was given in attempted accord and satisfaction of a previous indebtedness on the part of the defendant, evidenced by a promissory note by which the defendant's liability was to be extinguished, and it appears from some of the testimony that the paper itself, which, in pursuance of the accord, was to be delivered to the defendant, was nevertheless delivered to the security upon the original note, who was thus by the plaintiff's act subrogated to all the rights of the original payee. For this reason, and since the plaintiff did not comply with his contract to deliver the pre-existing note, the accord was not satisfied, and the note sued upon was without consideration. The court therefore did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, J., not presiding.*