## C. EVENSON, Respondent, v. W. B. NELSON, Appellant.

### (168 N. W. 36.)

**Pleading — complaint — amendments — allowing — agency — allegations of.**

1. Where a complaint was so drawn as to indicate reliance upon the circumstances surrounding transactions between the plaintiff and the wife and children of the defendant, relative to the supplying of articles of merchandise to them during defendant's absence,—*held*, that no error was committed by the trial court in allowing the complaint to be amended upon the trial so as to include allegations of agency.

**Merchandise sold — amount — sold to wife — in absence of defendant husband — under previous arrangement — agency — sufficiency of — to charge defendant.**

2. In an action to recover the price of merchandise wherein it appeared that the defendant, in anticipation of an extended absence from home, left his wife and three children upon a farm which had been rented to a tenant, and placed the wife in a position where she was required to manage the household,— *held*, that there was sufficient evidence of agency to charge the defendant with the goods, wares, and merchandise supplied to the family during his absence.

**Goods supplied family — in defendant's absence — amount of — action against defendant husband — agency of wife — relied upon by plaintiff — court — instructions.**

3. Where the plaintiff, in an action brought against the husband and father to recover for goods supplied to the family during his absence, chose to rely

upon agency, it was not error for the court to refrain from instructing the jury on the question of proper and adequate support.

**Witness — custom of charging goods bought by wife to husband — testimony — not evidence of a general custom.**

4. Where a witness was allowed to testify, over objection, to his custom as to charging goods to the husband where the same were bought by the wife, though such testimony is not proper evidence of a general custom, its admission is *held* not to be reversible error.

**Wife — called as witness — by party adverse to husband — competency — no objection as to — failure of husband to object — equivalent to consent.**

5. Where a wife was called as a witness by a party adverse to the husband, and no objection was made as to her competency to become a witness without his consent,—*held*, that her testimony is properly in evidence, and that the failure to object was equivalent to the giving of his consent, as required by § 7871, Compiled Laws of 1913.

Opinion filed May 14, 1918.

Appeal from County Court of Benson County, *O. D. Comstock*, J. Affirmed.

*R. A. Stewart*, for appellant.

Plaintiff claims ostensible agency in the wife to buy the goods and charge the husband with the obligation of payment.

"Ostensible agency is where the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." Code, § 6324.

There is no want of ordinary care on the part of defendant, but there is great negligence and lack of care on the part of plaintiff in that having opportunity he failed to notify defendant of any material fact, and the entire evidence is to the effect that the defendant did not know of the running of the account, or the incurring of any obligation. Gordon v. Vermont Loan & T. Co. 6 N. D. 454, 71 N. W. 556; Bank v. Elev. Co. 11 N. D. 280, 91 N. W. 436; Code, § 4415; Sears v. Severson, 115 N. W. 519.

The acts of plaintiff in the causes of his dealings with others do not constitute general custom, and evidence of such acts is clearly erroneous. 91 N. W. 436, 438.

Plaintiff called defendant's wife as a witness in his behalf. Defendant offered no objection, but there was no overt act of consent that she

testify, and silence is not equivalent to consent in such a case. Webster; Clark v. Evans (S. D.) 60 N. W. 862; Kruger v. Dodge, 87 N. W. 965; Aldous v. Olverson (S. D.) 95 N. W. 917; Rathbone v. Maltz, (Mich.) 118 N. W. 991; 89 N. W. 954; 129 N. W. 3.

*Rinker & Duell,* for respondent.

Where a party may prove certain facts under a complaint without an amendment covering same, an amendment if allowed and made is harmless.

"Even without the amendment the plaintiff would have been entitled to prove all that he could have proved under the amended complaint." Gram. Constr. Co. v. Soo R. Co. 36 N. D. 172.

Where there is no legal separation of husband and wife, the debts contracted by the wife for the necessary family running expenses are prima facie against the husband. Bergh v. Warner, 5 N. W. 78.

Where the wife is called as a witness adverse to her husband, his failure to properly object is equivalent to consent that she may testify. Clark v. Folkers (Neb.) 95 N. W. 328; Pape v. Ferguson (Ind.) 62 N. E. 713; Danley v. Danley, 179 Pa. 170; Howard v. Hibbs, 61 Pac. 159; State v. Bloom, 94 App. Div. 620.

It is the general rule that a husband or wife may testify for or against each other when the question of agency is involved. Clark v. Evans (S. D.) 60 N. W. 964; Ingerham v. Weatherman, 79 Mo. App. 488; Bell v. Day (Kan.) 57 Pac. 1054; Schwantes v. State (Wis.) 106 N. W. 237.

If there is any evidence tending to prove the authority of the agent, then the act cannot be excluded from the jury, for they are the judges of the weight and sufficiency of the evidence. Berch v. Warner (Minn.) 50 N. W. 78; Lake Grocery Co. v. Chistri, 34 N. D. 400.

Defendant's motion for a directed verdict, made at the close of plaintiff's case, but not renewed at the close of the trial, is of no avail. Garland v. Keeler, 15 N. D. 550; Ward & Murray v. McQueen (N. D.) 100 N. W. 253; First Nat. Bank v. Red River Valley Nat. Bank, 9 N. D. 319; 1 N. D. 21; 6 N. D. 495; 8 N. D. 15.

There was but one issue in the case,—the question of agency, and the court instructed the jury fully on both actual and ostensible agency. Issues raised by the pleadings but passed or ignored in the trial have no further place in the action. Bergh v. Warner (Minn.) 50 N. W. 78; Martin v. Oakes, 25 N. Y. Supp. 387; 42 Misc. 201.

BIRDZELL, J. This is an appeal from a judgment for $174.71 and interest, entered in the county court of Benson county in favor of the plaintiff, and from an order denying a new trial.

The action was brought to recover the price of certain goods, wares, and merchandise which were supplied by the plaintiff to the family of the defendant during a period when the defendant was living on the Pacific coast with a daughter whom he had taken West for the benefit of her health. Defendant's wife and three children maintained a home at or near Sheyenne, North Dakota, and the goods which were supplied to them by the plaintiff were of the character which would properly be regarded as necessary for the support of the family. In the complaint, as originally drawn, there was no allegation of any agency on the part of the wife or of the children to whom the goods were supplied, but upon the trial the court permitted the plaintiff to file an amended complaint, differing from the original only in that it is alleged that the wife and children were acting as agents of the defendant in the purchase of the goods. There are a number of assignments of error, but it will be necessary to consider only those which are argued by the appellant, the remainder being deemed waived.

The appellant complains of the ruling of the trial court in permitting the complaint to be amended after the case was called for trial. The only amendment made was the addition of a clause alleging that the wife and children were agents of the defendant. Conceding that the amendment was necessary, though we express no opinion upon the point, it is inconceivable that the defendant could have been put to any disadvantage by this amendment; for he had ample notice that the trial would involve all of the circumstances surrounding the transactions between his family and the plaintiff.

The appellant also challenges the sufficiency of the evidence to establish an agency for the purchase of the goods. In the light of the facts developed at the trial, there is no merit in this contention. It appears that the wife was placed in a position where she was required to look after the management of a farm of 120 acres which was rented to a tenant; that she lived upon the farm with three of her children; and that under her direction improvements were made. That her husband had authorized a local bank to honor checks on his account signed by his wife; that he deposited money from time to time to replenish the ac-

count; and that some of those checks were cashed by the plaintiff. It is true that the evidence also shows that the defendant attempted to restrict the authority of his wife in the matter of contracting indebtedness on his account by telling her, from time to time, that he would send her sufficient money to enable her to pay cash for the things she needed to buy, and that she should not run accounts at the stores. This, in itself, is in effect a secret limitation upon the ostensible authority of the wife, and, since it was not communicated to the plaintiff prior to the transactions involved in this suit, it is rather an admission of the existence of an agency than proof to the contrary. We are satisfied that there was ample evidence upon which to submit the question of agency, and that the instructions of the trial court upon this subject were perfectly proper.

The appellant also contends that the court erred in not instructing the jury upon the question of proper and adequate support. The case cannot properly be said to turn upon the question of the adequacy of the support. The plaintiff relied upon his ability to establish an agency, the jury were amply instructed upon this issue, and a verdict has been returned in the plaintiff's favor upon such issue. Since there is evidence to support the verdict, the question as to whether or not the defendant provided amply support for his wife and children is immaterial.

The appellant also complains of the admission of certain of the plaintiff's testimony as to his custom in dealing with families. He testified that it was his custom to charge the goods furnished to families to the head of the family. It may be conceded that this is not proper evidence of custom or usage, because of being limited solely to the plaintiff's practice, but it does not follow that its admission is prejudicial error. The custom which the plaintiff testified he followed is one that is known by everybody to be so generally followed that it would even be proper to take judicial notice of it as a general custom.

It is further contended that it was reversible error for the court to permit the defendant's wife to testify at the instance of the plaintiff without his consent. Section 7871, Compiled Laws of 1913, is relied upon in this connection. So far as it is germane to the question presented, the section reads as follows: "A husband cannot be examined for or against his wife without her consent, nor a wife for or against her husband without his consent, nor can either, during the marriage or after-

wards, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this subdivision does not apply to a civil action or proceeding by one against the other nor to a criminal action or proceeding, for a crime committed by one against the other."

The record does not disclose that any objection was made to the competency of Mrs. Nelson as a witness against her husband, but it does appear that she was fully cross-examined by his counsel. It is argued that, since no affirmative consent was given, the witness should have been precluded from testifying by the interference of the court. The appellant claims that the failure of the court to so interfere subjected him to the dilemma of choosing between interposing an objection to the competency of the witness, and thus incurring the risk of prejudicing his cause before the jury, or of remaining silent and submitting to the damaging effect of her testimony. The philosophy of a statute such as that above quoted, in its application to a case like the one at bar, is readily understood. It is but an expression of a policy designed to conserve matrimonial harmony. This it seeks to accomplish by refusing to allow one spouse to support an issue adverse to the other in a judicial forum, without the consent of the other, except where such may become necessary to vindicate the criminal law or to secure the civil right of one against the other. The primary purpose is not to subvert truth, and when one spouse is content to sit by and allow the other to testify he should be precluded from later contending that he did not consent. When he has allowed to be accomplished the mischief which the statute was designed to prevent, he cannot, with good grace, invoke its provisions to shield him from the effect of the testimony adduced. In so far as the statute would operate in favor of the defendant, he may, of course, waive it, and we are of the opinion that the failure to object is a waiver and is equivalent to consent. Wigmore, Ev. § 2242.

Finding no error in the record prejudicial to the appellant, the judgment of the trial court is affirmed.

BRUCE, Ch. J. (specially concurring). I concur in the above opinion. I am also of the belief that the original complaint was sufficient even without the amendment, and that, even when one is sought to be held for the act of an agent, the act can be alleged as the act of the

principal. Phillips, Code Pl. § 378; Hoosac Min. & Mill. Co. v. Donat, 10 Colo. 529, 16 Pac. 157; Weide v. Porter, 22 Minn. 429; Burnham v. Milwaukee, 69 Wis. 379, 34 N. W. 389; McNees v. Missouri P. R. Co. 22 Mo. App. 224; 2 C. J. 904.

ROBINSON, J. (concurring). Defendant appeals from a verdict of a jury and a judgment of the county court of Nelson county for $174, the price of groceries and family necessaries sold and delivered to the defendant at the request of his wife, from October 2, 1915, to March 10, 1916. The correctness of the account is not denied. It is in evidence, and it shows that the goods were necessaries for the family of defendant.

The defense is that the articles purchased were not necessaries, and that the wife did not have authority to charge them to defendant. He claims that he gave her sufficient money to run the house and care for the family. And it is true he gave her an occasional pittance of $50 or $100, but there is no claim that the groceries were not strictly necessary or that they were not furnished for the family of defendant.

Nelson worked on the Pacific coast for a good salary, and his wife represented him in caring for the house, the farm, and the family, and in charging him with necessaries for the family. She lived on his farm near Sheyenne, where the plaintiff kept a grocery store and kept poor, moneyless people from want. A wife and mother is not to be put on limited rations and treated like a dog. Defendant well deserves a severe rebuke for appealing or attempting to appeal such a case. It is a gross reflection on his manhood. The verdict is clearly right and the judgment is affirmed.