### 13835.   RYLE *v.* CENTRAL OF GEORGIA RAILWAY CO. *et al.*

STEPHENS, J.   1.   Objection to a petition upon the ground of misjoinder is in the nature of a special demurrer, and therefore must be made at the first term.   A failure to file such demurrer at the first term amounts to a waiver of the defect, and it is error to dismiss the petition on oral motion made at a subsequent term, upon the ground of misjoinder. *Georgia Railroad &c. Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200); *Lippincott* v. *Behre,* 122 *Ga.* 543 (50 S. E. 467).

2. Where in such a suit there is a cause of action alleged against one of the defendants, and where it appears that the alleged cause of action against the other defendant was beyond the jurisdiction of the court, the suit will on demurrer be dismissed as to the latter defendant and be allowed to proceed against the former.

3. Where the petition alleges that both of the defendants, which are railroad companies, "were negligent" in that one of the defendants, after having sold to the plaintiff a ticket over its road, negligently placed the plaintiff upon the train of the other defendant, destined to another point, all of which occurred within the jurisdiction of the court, and that the plaintiff, after having been carried by the second defendant a certain distance, was, through the negligence of the second defendant, injured while boarding another one of its trains at a point beyond the jurisdiction of the court, for the purpose of returning to the point where she originally boarded the train, and, as a result of the negligence alleged against both defendants, was delayed in getting to her point of destination, and thereby, on account of her feeble condition, due to a former operation for appendicitis, suffered certain mental and physical pain, etc., no joint acts of negligence are alleged, and it does not appear from the petition that the defendants are joint tort-feasors, and the allegations are therefore insufficient to confer jurisdiction over the second defendant.

4. A "gate-keeper," to whom the plaintiff presented her ticket, after having purchased it from an agent of the Central of Georgia Railway Company, and who accompanied her to the train and assisted her in boarding the same, and who was the keeper of the gate leading to the tracks of that railway company at the station where the ticket was purchased, is inferentially the agent of the Central of Georgia Railway Company, and an allegation of these facts is a sufficient allegation as to such agency.

5. It appearing from the allegations that a cause of action was set out against the Central of Georgia Railway Company for negligently placing the plaintiff upon the wrong train, entitling the plaintiff to recover damages proximately resulting therefrom, but not any damages proximately resulting from any act attributable to the Southern Railway Company, the court, while properly dismissing the petition as to the Southern Railway Company, for want of prosecution, erred in dismissing it as to the Central of Georgia Railway Company.

> *Judgment reversed.   Jenkins, P. J., and Bell, J., concur.*
> DECIDED SEPTEMBER 22, 1923.

47

Action for damages; from city court of Macon — Judge Gunn. June 16, 1922.

*D. W. McCoy, J. D. Hughes,* for plaintiff.

*Jordan & Moore, Harris, Harris & Witman,* for defendants.