17032.   YELLOW CAB COMPANY *v.* GENERAL LUMBER COMPANY.

BELL, J. 1. In a suit for damages to the plaintiff's truck, caused by a collision between the truck and the defendant's cab, allegations (in the order here stated) that the defendant was indebted to the plaintiff in the amount stated as the damages, "for the reason hereinafter set out," and that the "negligence of defendant company complained of" was

Accord and Satisfaction, 1 C. J. p. 576, n. 36; p. 577, n. 40, 42, 43.
Compromise and Settlement, 12 C. J. p. 363, n. 4.
Courts, 15 C. J. p. 965, n. 66.
Master and Servant, 39 C. J. p. 1352, n. 30.
Motor Vehicles, 28 Cyc. p. 45, n. 90.

"that the driver of said cab was negligent" in specified particulars, were, as against an oral motion in the nature of a general demurrer, sufficient to show by implication that the driver of the cab was the servant of the defendant, acting within the scope of his employment, at the time and place in question. Otherwise the defendant could not have been indebted, and the driver's negligence could not have been "the negligence of the defendant company," as alleged in the petition. See *Gilmer* v. *Allen,* 9 *Ga.* 208 (4); *Lewis* v. *Amorous,* 3 *Ga. App.* 50, 53 (59 S. E. 338); *Gallagher* v. *Gunn,* 16 *Ga. App.* 600 (85 S. E. 930); *Southern Paramount Pictures Co.* v. *Gaulding,* 24 *Ga. App.* 478 (3) (101 S. E. 311); *Ryle* v. *Central &c. Ry. Co.,* 30 *Ga. App.* 737 (4) (119 S. E. 342); *Fielder* v. *Davison,* 139 *Ga.* 509 (77 S. E. 618); *S. A. L. Ry.* v. *Pierce,* 120 *Ga.* 230 (47 S. E. 581); Swift & Co. *v.* Bleise, 63 Neb. 739 (89 N. W. 310, 57 L. R. A. 147); 39 C. J. 1352, § 1575. Whether or not the present case may be distinguished from *Gardner* v. *Western Union Tel. Co.,* 14 *Ga. App.* 403 (2) (81 S. E. 259), the decision in that case was by two Judges, and is not binding as authority.

2. A plea by the defendant, which alleged that after the collision and prior to the institution of the plaintiff's suit the parties entered into "an agreement of settlement in full for the damages sued for in the plaintiff's petition," the terms of which were that the plaintiff would pay the defendant for all damages sustained by the defendant as a result of the collision, and that the defendant in turn would pay the plaintiff for the damages sustained by the plaintiff as a result thereof, but which plea, although averring a performance of the agreement by the plaintiff, failed to show performance thereof by the defendant, or that the defendant's mere promise was made and *accepted* in satisfaction of the tort, set forth no valid defense, and was properly stricken on motion. *Molyneaux* v. *Collier,* 13 *Ga.* 406 (12); *Lowry* v. *Sloan,* 51 *Ga.* 633 (2); *English* v. *Reid,* 55 *Ga.* 240 (2); *B. & W. Ry. Co.* v. *Clem,* 80 *Ga.* 534 (4) (7 S. E. 84); *Long* v. *Scanlan,* 105 *Ga.* 424, 427 (31 S. E. 436); *Fouché* v. *Morris,* 112 *Ga.* 143 (37 S. E. 182); *Kennedy* v. *Maddox,* 15 *Ga. App.* 684 (84 S. E. 153); *Spence* v. *Carter,* 33 *Ga. App.* 279, 283 (125 S. E. 883); 1 C. J. 576.

3. The evidence did not demand the conclusion that the collision was the result of unavoidable accident. The verdict was authorized.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 20, 1926.

Damages; from city court of Albany—Judge Clayton Jones. November 30, 1925.

*Bryan & Middlebrooks, W. H. Burt,* for plaintiff in error.
*Milner & Farkas,* contra.