A97A1833. WHITLOCK et al. v. GEORGE et al.
(499 SE2d 138)

McMURRAY, Presiding Judge.

On August 21, 1994, Annette J. George's teenage son, Aubrey George, Jr., was driving his mother's car when it was struck by a train owned by Norfolk Southern Corporation a/k/a Norfolk Southern Railway Company ("Norfolk Southern"). The collision killed the car's 13-year-old passenger, Michael Cox.

In October 1994, Ms. George's insurance carrier, Atlanta Casualty Company ("Atlanta Casualty"), offered Michael Cox's estate ("the estate") the Georges' $15,000 bodily injury coverage limit "as full and final settlement of [the estate's] claim." Although the estate's attorney accepted this offer in a letter dated December 5, 1994, the deal was not executed because Atlanta Casualty would not settle while the deceased child's grandmother, Ruby Nell Cox, was serving as the estate's administratrix. Atlanta Casualty endeavored to settle the estate's claim with the deceased child's parents.

On December 29, 1995, Patricia Whitlock, individually and as heir of the estate, by and through Ruby Nell Cox (the deceased child's grandmother), and Ruby Nell Cox, as the estate's administratrix (plaintiffs), filed a wrongful death action against the Georges, Norfolk Southern and three Norfolk Southern employees. The Georges answered the complaint, but did not raise settlement, release or accord and satisfaction in defense. The Georges, instead, proceeded with discovery and later (in March and June 1996) offered to negotiate a settlement. After plaintiffs rejected these offers, the Georges filed a motion for summary judgment on August 21, 1996, seeking to enforce the December 1994 agreement between Atlanta Casualty's claims adjuster and the estate's attorney.

Plaintiffs filed this appeal after the trial court granted the Georges' motion for summary judgment. *Held*:

1. In *Yellow Cab Co. v. Gen. Lumber Co.*, 35 Ga. App. 620 (134 SE2d 190), that plaintiff sued that defendant to recover damages caused by a collision between the plaintiff's truck and the defendant's cab. "A plea by the defendant, which alleged that after the collision and prior to the institution of the plaintiff's suit the parties entered into 'an agreement of settlement in full for the damages sued for in the plaintiff's petition,' the terms of which were that the plaintiff would pay the defendant for all damages sustained by the defendant as a result of the collision, and that the defendant in turn would

pay the plaintiff for the damages sustained by the plaintiff as a result thereof, but which plea, although averring a performance of the agreement by the plaintiff, failed to show performance thereof by the defendant, or that the defendant's mere promise was made and *accepted* in satisfaction of the tort, set forth no valid defense, and was properly stricken on motion. *Molyneaux v. Collier*, 13 Ga. 406 (12); *Lowry v. Sloan*, 51 Ga. 633 (2); *English v. Reid*, 55 Ga. 240 (2); *B. & W. Ry. Co. v. Clem*, 80 Ga. 534 (4) (7 S. E. 84); *Long v. Scanlan*, 105 Ga. 424, 427 (31 S. E. 436); *Fouche v. Morris*, 112 Ga. 143 (37 S. E. 182); *Kennedy v. Maddox*, 15 Ga. App. 684 (84 S. E. 153); *Spence v. Carter*, 33 Ga. App. 279, 283 (125 S. E. 883); 1 C. J. 576." (Emphasis in original.) Id. at 621 (2).

The record in the case sub judice does not indicate that Atlanta Casualty paid or tendered $15,000 on the Georges' behalf in settlement of plaintiffs' claims against the Georges. Nor is there proof that the estate's attorney accepted Atlanta Casualty's promise to pay this amount as full and final satisfaction of plaintiffs' claims against the Georges. Moreover, the fact that Atlanta Casualty and the Georges waited more than a year and a half before seeking to enforce the agreement between the estate's attorney and Atlanta Casualty (pleading in response to plaintiffs' complaint, invoking discovery and offering to negotiate a settlement agreement with plaintiffs) raises genuine issues of material fact as to whether the Georges waived the effect of the alleged accord and satisfaction. " '(A)ccord and satisfaction may be rescinded by agreement, or waived by acts or conduct of a party thereto, whereby the debt would be restored to its original status. (Cit.)' *Motorola Communications &c., Inc. v. South Ga. &c. Gas Co.*, [104 Ga. App. 376, 381 (2) (121 SE2d 672)]." *Dawson Constr. Co. v. Ga. State Financing &c. Comm.*, 203 Ga. App. 625, 631 (3) (417 SE2d 190). Consequently, the trial court erred in granting the Georges' motion for summary judgment.

2. Our holding in Division 1 of this opinion renders it unnecessary to address plaintiffs' remaining enumerations of error.

*Judgment reversed. Beasley, J., concurs. Smith, J., concurs in the judgment only.*

DECIDED MARCH 18, 1998 —
RECONSIDERATION DENIED MARCH 31, 1998

*Law Offices of Rodney M. Keys, Maurice L. King, Jr.*, for appellants.

*Watson, Spence, Lowe & Chambless, Stephen S. Goss, Decker & Hallman, William W. Briggs, Henry E. Williams*, for appellees.