JEREMIAH WALTERS, plaintiff in error, *vs.* GEORGE W. ODOM, defendant in error.

A receipt for money in full of all demands is always open to contradiction or explanation. The rule that parol evidence is inadmissible to contradict or vary writings does not apply to it.

Walters *vs.* Odom.

Evidence.  Receipt.  Before Judge STROZER.  Dougherty Superior Court.  April Term, 1874.

Odom brought complaint against Walters on the following account:

."*Jeremiah Walters*

"1873.                    *To George W. Odom,*        *Dr.*

"January 1st.   To services rendered as agent, superintendent or overseer of 'Porter place' for the year 1872.......................................$1,000 00

" *Credit.*

"December 12th, 1873.   By cash....................$   500 00

"Balance due.............................$   500 00"

The defendant pleaded the general issue, payment, accord and satisfaction and recoupment.

The contract as set forth in the above bill of particulars was not disputed.  Much testimony was introduced *pro* and *con* as to the manner in which the plaintiff discharged his duties in the capacity in which he was employed.  The case, in this court, turned, upon the following receipt:

"Received, December 12th, 1872, of Jeremiah Walters, the sum of $305 06, in full of all demands to date.
        (Signed,)                    "G. W. ODOM."

As to this, the defendant testified substantially as follows:

On December 11th, 1872, he had some conversation with the plaintiff as to their business matters; told him of the bad crops and of his mismanagement and carelessness; offered to pay him $500 00 in full of his claim.  Plaintiff said he would take it but would not admit any bad conduct or mismanagement on his part.  They agreed to meet the next day at the office of Mr. Zeb. Odom, and there close the matter.  They accordingly met at the appointed place and time.  When asked for his account, the plaintiff presented one for $1,000 00

The defendant stated that on the preceding day he had agreed to take $500 00 in settlement of the matter between them; that he was willing to give that sum and take a receipt in full, but would not pay a single cent without. The plaintiff then wrote the above receipt and defendant paid him. It represented the balance of the $500 00 due to plaintiff, after deducting his indebtedness to defendant. He accepted the receipt as a final settlement and left the room with that understanding. Did not hear the plaintiff say that he would not be bound by the receipt.

The plaintiff denied the above statement thus far. When he presented the account for $1,000 00 and the defendant stated that it was not in accordance with the agreement of the previous day, he replied, "I have no money.; I owe some debts. This is my only chance to get it. I will not be bound by it." He testified that the defendant was deaf, but he knew that he heard the remark; that he repeated it several times; that he wrote the receipt and handed it to defendant; that the defendant paid him the $500 00 less $195 94, due by plaintiff to him, took the receipt and left.

..... Robert corroborated, in substance, the testimony of the plaintiff.

The defendant moved to rule out the evidence of plaintiff and ...... Robert so far as it tended to vary and destroy the legal effect of the aforesaid receipt. The motion was refused and defendant excepted.

The jury found for the plaintiff the full amount sued for. The defendant moved for a new trial, among other grounds, because the court failed to exclude the aforesaid testimony. The motion was overruled and defendant excepted.

SMITH & JONES; VASON & DAVIS; R. F. LYON, for plaintiff in error.

D. H. POPE; G. J. WRIGHT, for defendant.

Walters *vs.* Odom.

McCay, Judge.

Our Code, section 3807, is plain and positive that "a receipt for money is only *prima facie* evidence of payment, and may be denied or explained by parol." If this means any thing, it means that a receipt for money is an exception to the otherwise universal rule that parol evidence is inadmissible to vary or alter the terms of a valid written instrument: Code section 3800. And this is laid down in all the text books upon evidence, as the common law, so that it may be said generally, that a receipt may always be denied or explained, even though the words are plain, and though they express exactly the intent of the parties. It is true there are expressions by judges to the effect that fraud, mistake or imposition must appear, to justify an attack upon plain words, even though they be in the shape of a receipt. And simply to take the head-notes of cases, as they are scattered though the books, one is struck with the apparent conflict in the decisions upon this point. But we think it will be found, on close examination, that the conflict is apparent rather than real. If a receipt is a contract and not simply a receipt, there is no reason why it should be susceptible of attack or explanation by parol more than any other contract. And many of the cases cited as denying the right to explain turn on this distinction. So, too, many, nay, perhaps most of the cases, where a receipt has been explained or contradicted, have been cases where there was fraud, mistake or imposition, as to the meaning of terms used, and the ground of explanation has been referred to the fraud, mistake, etc.

But, it must be remembered that any written instrument may often, at law, and generally, in equity, be attacked or explained, for fraud, accident, mistake and imposition, and yet even equity writers lay down the rule that receipts stand on a different footing from other instruments. Perhaps the true distinction is that a receipt for money is not a contract at all, but a simple admission in writing of a fact, an acknowledgment that the writer has received a sum of money in pay-

ment in part, or in whole, of a particular debt, or in full, and that as such admission, it is just as open to denial or explanation as any other admission in writing of a fact or a set of facts. Such an admission is evidence, and if made knowingly, it is strong evidence, but it is not an estoppel; the truth may be shown to be different, unless some one has acted on it, and then on the principle, not that it is true, but that to deny it would be a fraud. And cases of this kind, where the question upon a receipt has not been *the admission* of parol evidence, but whether, after the facts were out, the receipt was not an estoppel, are some of the cases cited as authority for saying that receipts are sometimes unexplainable by parol.

To apply these principles to the case at bar. This receipt is upon its face a simple receipt for money in full of all demands; *prima facie*, it is evidence of full payment, but is open to explanation. The giver of it may show that, in fact, only $500 00 was paid, and this is the general rule. But when the proof is out, if it appear that in fact this $500 00 was a payment of part of the whole, in consideration of a release of the remainder of a claimed debt which was disputed, and that the receipt was given by one and acted on by the other with that view, then, not the receipt but the transaction is binding, it is a good accord and satisfaction. Ordinarily, this is not the meaning of even a receipt in full. Such a paper usually means that all has been paid that the party giving it claims to be due. The receipt must be explained, added to by parol evidence, to make it mean accord and satisfaction. To make this receipt mean what Roberts says it means, his *testimony* of what transpired at the time, must be gone into, and the same thing is true as to Robert's and Odom's testimony. At least, therefore, both parties undertake to make this receipt mean something else than on its face it meant. Its natural, ordinary meaning is, all is paid that is due, and that is all it means. It is an admission that the signer has got all he claims the other to owe him. Walters insists that under the facts which transpired at the time the $500 00 was paid by him as a compromise, and in execution of an accord, and that

it is therefore binding. That was for the jury. Walters so testified, and if the jury believed him, they ought, as the court charged them, to have found for the defendant. But Roberts and Odom deny this, and the jury have given them credence and found for the plaintiff. Odom says he did not receive the $500 00, as the execution of a contract of accord. Walters says he did. Roberts says that Odom declared he did not, and that Walters heard him.

We do not feel authorized to disturb the verdict, it is a case of conflicting testimony. We simply say that the receipt is not of itself conclusive.

Judgment affirmed.