THE TYLER COTTON PRESS COMPANY, plaintiff in error, *vs.* EMANUEL CHEVALIER, defendant in error.

1. A suit for damages for wrongfully turning off an employee, where the damage laid is within the jurisdiction of the court, will be maintained, though the damage shown by the plaintiff exceeds that amount, if the verdict be only for the sum within the jurisdiction.

2. When one count is for damages for the wrongful turning off of the employee and another on contract, and the proof shows the second count without the jurisdiction, the jurisdiction will be maintained on the first count, and the second will be considered merely auxiliary.

3. The return of the city court of Savannah to a writ of *certiorari* founded upon written exceptions made therein, is not subject to exceptions and traverse as returns of the justice courts are. The party excepting must put his exceptions in writing, and must also furnish the court a sufficient statement of facts proven to elucidate the exceptions; and the exceptions and facts, under the supervision and approval of the city court, make up the record and return, and on such record and return the case will be reviewed by the supreme court.

4. The presumption is that the city court will supervise and approve such a record of exceptions and facts as will fairly present the case for review; if the court should refuse or neglect to do so to the damage of any suitor or party, *mandamus* will furnish an adequate remedy.

5. An executed agreement to receive less than the amount of the debt due, by actual payment of the money agreed upon, can be pleaded as an accord and satisfaction, and will estop the party so receiving the money from asserting his claim to the balance.

6. Where the entire claim of the party suing for damages is in dispute, and therefore doubtful, the receipt of a part, on condition that the balance of the claim be abandoned, is of advantage to the plaintiff, and will be good as accord and satisfaction of the whole claim.

Jurisdiction. Damages. City Court of Savannah. *Certiorari.* Presumptions. Accord and satisfaction. Estoppel. Before Judge TOMPKINS. Chatham Superior Court. May Term, 1875.

Reported in the opinion.

The Tyler Cotton Press Company *vs.* Chevelier.

R. FALLIGANT, for plaintiff in error.

R. R. RICHARDS, for defendant.

JACKSON, Judge.

1. This was a suit brought by Chevalier against the Cotton Press Company for the breach of a contract of hire. The first question made by the record is in respect to the jurisdiction of the court. The suit was to the city court; its jurisdiction is limited to $1,000 00, and the proof of the sum due the plaintiff under the contract was over that sum. The declaration contained two counts; one for damages for turning the plaintiff off, and the other on the contract. The jury found $1,000 00. The law will presume that the verdict was upon the count which sustains the jurisdiction, if there be one. We think that the count for damages, the damages being laid at $1,000 00, does sustain the jurisdiction. A plaintiff may lay his damage at what he pleases and can recover no more. So far as the damage count goes, the verdict is, we think, good; and when the motion was made to dismiss, on the facts showing a larger amount of damage, it was properly overruled.

2. If the case had rested only on the second count, which set out the contract and was based upon it, we should have sustained the motion to dismiss; for, under the law, a plaintiff cannot reduce his demand resting on contract so as to confer jurisdiction: Code, section 3460; R. M. Charlton R., 298; 2 Bay., 180; 2 McCord, 280. The motion being made when the proof showed the amount over the jurisdiction, was in time as to that count: 13 Vermont, 175; but if *one* count be good, that is, in this case, if the damage count be sufficient to sustain the jurisdiction, the others will be held to be merely auxiliary, and the jurisdiction will be maintained: 6 Vermont, 91; 14 *Ibid.*, 296. We, therefore, hold that the city court had jurisdiction on the first count, and the case should have been retained on that count.

3. To the record from the city court, in which the facts in

connection with the exceptions to the ruling of the court appeared, the company excepted as insufficient and proposed to traverse the return. The court dismissed the exceptions and the traverse, and this is also assigned as error. Whether the ruling of the superior court on this point be erroneous or not, turns on the question whether the city court of Savannah has a system in respect to writs of *certiorari* peculiar to itself, or whether that court is embraced in the general law of *certiorari*, under the head of inferior judicatories. We think its system, as followed in this case, peculiar. In that court the party excepting may put his exceptions in writing, and at the same time furnish in writing to the court, an abstract of the facts sufficient to elucidate each exception he takes, and the exceptions and facts, supervised and approved by the city court, go up to the superior court as matter of record. There can be no traverse or exception to such a proceeding. The city court must correct its own records, and the excepting party must complain there.

4. The presumption is that that court will do right; if not, *mandamus* will compel the court to do any ministerial act which it neglects and refuses to do, by which any party or suitor is damaged. We understand that the practice of the city court accords with this construction of the law, and we can put no other upon the Code, section 4958. We will not say that a party to a suit in the city court may not have proceeded under the general law of *certiorari*, and that in such a case the exception and traverse to the return might not have been allowed. We leave that question open; though the proceeding, as in this case, is the *safer and surer mode.*

5, 6. Another assignment of error is upon the charge of the city court, to the effect that the payment to plaintiff by defendant, of the wages due when he was discharged, on condition that he would receive it as entire satisfaction of all claims he held and would drop his suit, was *nudum pactum*, if the jury believed he was wrongfully discharged. We think that this charge was wrong. The whole claim of the plaintiff was in dispute. He was hired on the express condition that he

obeyed orders. The question was did he obey orders. The proof was conflicting. If he did not obey he failed to comply with his contract, and could recover nothing. The consideration of his employment had failed. The money due up to the time of his discharge, or that he claimed to be due then, was as much in dispute as any other claim of his for his wrongful discharge. If he agreed to give up his whole claim if the company would pay him that part, he is bound by the agreement, and the city court should have so charged, and the superior court should have sustained the *certiorari* and granted a new trial on this ground. The Code settles the question. Section 2880 enacts that the accord and satisfaction must be of some benefit to the creditor to bind him, and that the securing a doubtful claim is such a benefit. Section 2881 declares that an agreement for less than the amount of the debt cannot be pleaded as accord and satisfaction " unless it be actually executed by payment of the money," etc. Here the money was paid. See, also, 3 *Kelly,* 310.

In respect to the right of the plaintiff to sue, we adhere to the rule in 8 *Georgia,* 191, *Rogers vs. Parham,* that a party. wrongfully discharged from employment may sue for any special injury sustained *immediately,* or may wait till his term of service would have expired, and sue on the contract for all his wages, or may treat the contract as rescinded, and sue at once for work and labor done on a *quantum meruit.* We see no error in the city court in allowing the verdict to be corrected by the jury before their discharge. The legislature has now conferred the right on the city court of Savannah to grant new trials. It is not necessary, therefore, to pass upon the question of its right before that act. The remedy by *certiorari* was good in any view we might take of that subject. On the whole case, we hold that the court should have sustained the *certiorari* and granted a new trial on the ground that the city court erred in its charge that the agreement to give up the balance of his claim by Chevalier if the company, would pay him the sum of $62 50, was *nudum pactum,* if Chevalier was wrongfully discharged, it being the opinion of

this court that if such a contract was made, and the money paid, it was executed, and would bind the plaintiff.

Judgment reversed.