been an employee of defendant, saw Tony on the car, and hollowed at him not to get down until the train stopped, but Tony jumped down any way.

G. S. THOMAS and J. W. COX, for plaintiff.

C. Z. BLALOCK and D. W. ROUNTREE, for defendant.

---

THE RICHMOND & DANVILLE RAILROAD CO. *v.* WALKER.

1. Where a railroad company negligently inflicts a personal injury on one of its employees, and thereupon has him treated for the injury by the company's surgeon, a payment made by the company to the surgeon, even at the employee's request, is no consideration for a release by the employee to the company for all damages occasioned by the injury, the company being liable for expenses of treatment which the injury occasioned.

2. The evidence warranted the verdict and there was no error in refusing a new trial.            *Judgment affirmed.*

May 15, 1893.

Action for damages. Before Judge VAN EPPS. City court of Atlanta. June term, 1892.

Walker sued the railroad company for personal injuries sustained by him in a collision. He obtained a verdict for $808, and defendant's motion for new trial was overruled.

The motion contains the general grounds, and alleges that the court erred in charging: " The burden of proof to establish this plea of settlement is on the defendant, the railroad company, setting it up. The agreement of settlement, which is in evidence, recites a consideration, to wit $5 paid for a medical bill. The plaintiff attacks this recital of consideration and says that no advantage, legal or equitable, was received by him for signing that paper, if he did sign it (which he denies, and as to which I will charge you presently); and hence he says that the agreement does not have any effect in law to bar his legal rights. The agreement reciting the consideration, to wit the medical bill paid, the presumption is it

was a bill which the plaintiff owed. If you believe from the evidence that this medical bill related only to the services of Dr. Page in attending the injuries received by the plaintiff in the collision in question here, and the plaintiff made no agreement to pay that bill, and none is reasonable and fairly inferable or to be implied on his part to pay it, in view of the facts and circumstances disclosed to you in the evidence, and you further believe from the evidence that it was for services of the railroad surgeon sent by it to the plaintiff and paid by it, the contract of settlement would be what we lawyers call a *nudum pactum*, a naked agreement, without any valid consideration, because of no advantage, legal or equitable, to the plaintiff, and it would not bar his legal right to maintain this suit."

JACKSON, LEFTWICH & BLACK, for plaintiff in error.
REID & STEWART, *contra*.

---

RICHMOND & DANVILLE RAILROAD Co. *v.* MERRITT, adm'r.

Though the verdict cannot be supported unless the evidence of a particular witness be true, and though that witness was directly contradicted by two of the employees of the railroad company, and his character attacked by one of these and two others, and though the witness admitted that he had signed a false report of the matter, written by an agent of the company, yet as the jury, notwithstanding all these discrediting circumstances, believed the witness and based their verdict upon his testimony, and the trial judge, by overruling the motion for a new trial, approved the finding, this court not being able to know with full certainty where the truth of the controversy lies, and being disposed in all cases to recognize the right of the jury to determine the credibility of the witnesses, especially when the presiding judge is satisfied, will not reverse the judgment denying a new trial. *McPherson* v. *The State*, 22 *Ga.* 478. *Judgment affirmed.*

May 22, 1893.

Action for damages. Before Judge VAN EPPS. City court of Atlanta. June term, 1892.