BRIDGET E. SHEA *vs.* MANHATTAN LIFE INSURANCE COMPANY.

Suffolk. March 10, 1916. — May 17, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Bills and Notes,* Delivery. *Payment. Insurance,* Life. *Practice, Civil,* Verdict, Exceptions. *Jurisdiction. Contract,* Performance and breach.

The mere facts, that an agent of a life insurance company took to a beneficiary under a policy a check payable to the beneficiary's order for the amount to which he was entitled, that the beneficiary indorsed it by signing his mark on the back

and that the agent then took it away because the beneficiary wanted cash and not a check, do not prove that the check was delivered to the beneficiary and are not conclusive evidence of payment to the beneficiary of the amount due to him.

And where, at a trial of an action by the beneficiary against the insurance company for a balance due of the amount called for by the policy, besides the facts stated above, there is evidence that the beneficiary, when he called for the money due him at the office of the company, was paid a part of what was due him and was induced to leave the remainder with the company "on call" and bearing interest, and that the agent without authority from the beneficiary invested the balance in the capital stock of another corporation, a finding of the jury for the plaintiff for the full unpaid amount of the policy is warranted.

And, because such an action is on the policy and is not to recover back the amount invested by the agent in the capital stock of another corporation, the plaintiff is not required, as a condition precedent to bringing his action, to tender back that stock, a certificate for which had been delivered to him in a sealed envelope without his knowledge.

Nor should the presiding judge instruct the jury that the plaintiff is limited in his recovery to the amount unpaid of the sum called for by the policy less the value of the stock in the other corporation.

In the present case, where the presiding judge gave the instruction just described and the jury found for the plaintiff in the full amount claimed by him without making any deduction on account of the stock of the other corporation, it was *held* that the defendant was not harmed by the judge's error in its favor.

CROSBY, J.  This is an action of contract, to recover a balance due upon two policies of life insurance for $1,000 each, issued by the defendant to one Phipps, the plaintiff's former husband, in which the plaintiff is named as beneficiary.

The home offices of the defendant company were in the city of New York; and there was a branch office in Boston in charge of one Mosher, who, the evidence showed, was the defendant's agent, cashier and manager, with duties fixed by the terms of his written contract of employment.

After proof of the death of the insured had been furnished to the defendant, the latter sent a check for $2,000 to Mosher, payable to the order of the plaintiff.  There was evidence that the check was given by Mosher to one Fletcher, an insurance broker (who obtained the policies in question for the insured) with instructions to take it to the plaintiff; that the plaintiff could neither read nor write; that she indorsed the check by her mark; and that it was returned by Fletcher to Mosher, who deposited it in his personal account.  The plaintiff denied that she had ever seen the check or that she indorsed it.

Fletcher testified that she said she did not want a check but

that she wanted the cash, that she indorsed the check and that he told her "to come up in a few days and get the money. . . ."

On February 23, 1910, the plaintiff went to the Boston office of the defendant, accompanied by Ellen Conroy, received $200 in cash from Mosher and gave a receipt in the following form:

"Boston, February 23, 1910.

"Received from H. G. Mosher, Manager, $200, leaving a balance due on call of $1800. ·

Bridget X Phipps ——— Ellen Conroy ——— $200."
her
mark

The plaintiff testified that on her visit to the defendant's office, when she received the payment of $200, Mosher asked her why she did not leave the money with them, the company would pay her six per cent interest and that she could get only four per cent from the savings bank; that he told her "it will be just as safe as the bank, and we will send you your interest every three months and you can come to this office at any time and get the whole or any part of your money;" that she said "I will need $200 of the money to pay the funeral expenses and I will leave the rest with the company."

She further testified that Mosher presented to her a paper to which she "touched a pen with which Mosher made a mark," and that at his request Mrs. Conroy witnessed her signature; that Mosher then handed her $200 in cash and a large sealed envelope; that upon returning home she deposited the sealed envelope in a trunk; and that she had no knowledge of its contents until October, 1913, after there had been a failure in the payment of interest, when she opened the envelope and found it contained a certificate of stock in a corporation known as Investors' Corporation Company.

At the close of the evidence, the defendant requested the presiding judge * "to direct the jury that on all the evidence the jury must find for the defendant, and further, to rule that as the plaintiff did not offer to transfer to the defendant, before bringing suit, the twenty shares of Investors Corporation Company stock she had in her possession at the time suit was commenced, she

---

* *Stevens,* J.

could not recover." The presiding judge refused so to rule, and submitted the case to the jury who found for the plaintiff in the sum of $1,800 with interest from the date of the writ. The jury, in response to special questions submitted to them, also found as follows:

That the plaintiff indorsed with her mark the defendant's check for $2,000 knowing what it was.

That the defendant's check of $2,000 was not given to the plaintiff in payment of the insurance on her husband's life.

That the plaintiff did not know she was receiving stock of the Investors' Corporation Company in lieu of the balance of $1,800 cash due under her policy.

It is plain that Fletcher was the defendant's agent to deliver the check to the plaintiff, and he might have been found to have been acting within the apparent scope of his authority in procuring the plaintiff's indorsement upon the check, which he afterwards returned to Mosher, the defendant's manager; this was a fact involved in the finding of the jury. *Barry* v. *Mutual Life Ins. Co. of New York*, 211 Mass. 306. *Markey* v. *Mutual Benefit Life Ins. Co.* 103 Mass. 78.

If the check had been delivered by Fletcher to the plaintiff, doubtless it would have operated as a payment of the amount due, but the jury could have found upon the evidence that it never was delivered to the plaintiff. The only evidence upon that subject is found in the testimony of Fletcher who said that he did not know that she ever had it in her hand or possession, and in response to the question "Did you tell her the check was in payment of the policy?" replied, "Why I don't know what talk I made to her at the time." This and the other evidence warranted a finding that the check never was delivered to her, nor is such delivery to be inferred from the finding that she indorsed it knowing what it was. Such indorsement and knowledge alone did not prove a delivery to her and so cannot be regarded as conclusive evidence of payment.

If the plaintiff declined to accept the check because she desired that the amount due her should be paid in cash, as the jury could have found, and she indorsed it solely for that purpose, it never having been delivered to her, the defendant is liable, even if the proceeds were afterwards misappropriated by Mosher. It is

liable in the same way that it would be had it sent cash to Mosher to pay the claim, and the plaintiff had declined to accept the cash so sent because of the denomination of the bills, and Mosher had promised the plaintiff to have the bills changed and to pay her later but had failed to do so.

The defendant originally owed the plaintiff $2,000. The jury in effect have found that the balance of $1,800 never has been paid either by check or otherwise.

The defendant contended that the plaintiff invested the balance of $1,800 in the shares of stock and received such stock in lieu of the balance due under the policies, but the jury have found against this contention. *United States Wringer Co.* v. *Cooney,* 214 Ill. 520.

The general verdict for the plaintiff is not inconsistent with the finding made in answer to the first special question submitted to the jury.

The contention that the plaintiff cannot maintain this action because she did not offer to transfer and deliver to the defendant the certificates of stock in the Investors' Corporation Company cannot be sustained. It is familiar doctrine that one rescinding a contract for breach of warranty or fraud and who sues to recover back the consideration, must first put the defendant *in statu quo* by returning what he has received. *Owen* v. *Button,* 210 Mass. 219. *O'Shea* v. *Vaughn,* 201 Mass. 412. *Miller* v. *Roberts,* 169 Mass. 134, 146. *Bartlett* v. *Drake,* 100 Mass. 174. This principle has no application to the facts in the case at bar. It is to be observed that this is an action of contract to recover the amount due upon the policies. The plaintiff does not seek to rescind a contract for the purchase of shares of stock. On the other hand she contends that she never entered into any such contract. In these circumstances she was under no obligation to offer to transfer the stock as a condition precedent to her right to begin the action. Besides, there is nothing to show that the defendant ever owned the stock in question or that it ever had any interest therein. We do not mean to intimate that the plaintiff is not bound to account for the stock to whoever may be entitled thereto. Her right to bring this action stands upon entirely independent grounds.

It follows that the action of the judge in directing the jury to deduct from the amount due on the policies the value of the stock, if it had any, was error; but as that instruction did not injuriously

affect the substantial rights of the defendant, it becomes immaterial. The amount of the verdict shows that no deduction was made on account of the stock.

As the rulings requested by the defendant could not properly have been given, the exceptions saved in each bill of exceptions must be overruled.

*So ordered.*

R. *Homans,* (P. E. *Costello* with him,) for the defendant.
F. M. *Phelan,* (T. F. *Quinn* with him,) for the plaintiff.