17407. PORTER FERTILIZER COMPANY v. BREWER.

1. While it is true that where the consideration of a promissory note is so stated therein as to make it a part of the terms and conditions of the contract, it is not permissible to set up another and different consideration for the purpose of showing a failure of the latter (*Simmons* v. *Harvester Co.*, 22 *Ga. App.* 358 (2), 96 S. E. 9), "it is still competent to show that the true basis of the contract was without any actual consideration of any sort whatsoever, and that the resultant promise is for that reason wholly void." *Rheney* v. *Anderson*, 22 *Ga. App.* 417, 419 (96 S. E. 217).

2. Assuming that the note sued on in this case so expressed the consideration as to make it a part of the terms and conditions of the instrument, so that the defendant maker could not have pleaded that the consideration was "different from that expressed," the answer as filed constituted, as against a mere oral motion to strike, a good plea of want of consideration, or that the note was a nudum pactum, and there was no error in refusing to strike it. *Mackin* v. *Blalock*, 133 *Ga.* 550 (66 S. E. 265, 134 Am. St. R. 120); *Knight Co.* v. *Calhoun*, 33 *Ga. App.* 312 (2) (125 S. E. 790); *Stewart* v. *Hardin*, 24 *Ga. App.* 611 (1) (101 S. E. 716); *Krueger* v. *Simmons*, 22 *Ga. App.* 210 (1) (95 S. E. 718); *Jones* v. *Fertilizer Co.*, 21 *Ga. App.* 170 (94 S. E. 81). If the ruling here made is not in harmony with the decision in *Dixon* v. *Bond*, 18 *Ga. App.* 45 (2) (88 S. E. 825), it seems to be controlled by the decision of the Supreme Court in *Mackin* v. *Blalock*, supra; and this court is bound by the decisions of the Supreme Court, in preference to its own decisions, as precedents.

3. The defendant maker having testified that he himself prepared the note and was aware of its contents, it was a violation of the parol-evidence rule for the court, over timely and appropriate objections, to permit him to testify that he thought he was making the note to another, and had no idea that he was making it to the plaintiff payee. See special concurrence in *Rheney* v. *Anderson*, supra.

4. A consideration need not be a benefit accruing to the promisor. Civil Code (1910), § 4242; *Knight Co.* v. *Calhoun*, supra. There being in this case evidence to the effect that the defendant maker executed the note upon sufficient consideration, although the benefit of such consideration may have accrued to another, the court erred in charging the jury as follows: "If you believe from the evidence in the case that the defendant Brewer signed the note to the Porter Fertilizer Company, and that he signed the note and received nothing—no consideration, nothing whatever for the signing of the note, then I charge you that the plaintiff would not recover, and your finding would be for the defendant."

5. For the errors pointed out in the two preceding paragraphs, the court erred in refusing the defendant's motion for a new trial.

DECIDED JANUARY 24, 1927.

Bills and Notes, 8 C. J. p. 214, n. 16.
Contracts, 13 C. J. p. 316, n. 91.
Courts, 15 C. J. p. 920, n. 8.
Evidence, 22 C. J. p. 1165, n. 77; p. 1245, n. 22 New.
Pleading, 31 Cyc. p. 663, n. 81.

Complaint; from city court of Hall county — Judge Sloan. April 24, 1926.

*B. P. Gaillard Jr., J. O. Adams,* for plaintiff.

*A. C. Wheeler, W. V. Lance,* for defendant.

BELL, J. Porter Fertilizer Company brought suit against E. C. Brewer as principal, and D. F. Small as security, upon a promissory note payable to the plaintiff, and containing with reference to its consideration the following statements: "The consideration of this note is commercial fertilizer sold me by Porter Fertilizer Company. They expressly refuse to make any warranty of the same, or any representation as to its quality or value, leaving me to rely solely upon the fact that the laws of this State have been complied with. I accept said fertilizer on these terms. . . I buy this fertilizer for my own use, or to be used on lands cultivated by me." The defendant pleaded that the note "was wholly and totally without any consideration whatever, and that no consideration moved between the parties thereto." The court overruled the plaintiff's motion to strike the defendant's answer for insufficiency; and the trial resulted in a verdict in favor of the defendant. The court denied the plaintiff's motion for a new trial, and the plaintiff excepted, assigning error upon the refusal of this motion and also upon the previous judgment overruling the motion to strike the defendant's answer, to which judgment exceptions had been preserved pendente lite. The other facts, including those set up in the special grounds of the motion for a new trial, are sufficiently shown in the headnotes. Under the rulings therein made, the court erred in the admission of testimony, and also in giving a certain charge to the jury. For these reasons the plaintiff was entitled to a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*