## PARKER v. PENDER et al.

No. 8432.   MARCH 5, 1932.

584

■■■■■■■■■■■■■■■■■■■■■■■■■■■

*M. Felton Hatcher,* for plaintiff in error.

*S. M. Mathews, Brown & Brown,* and *J. W. Bloodworth,* contra.

Hill, J. (After stating the foregoing facts.) A decision was rendered in this case February 27, 1932. A rehearing was granted on motion. The former decision is withdrawn, and the following is substituted:

■ ■ No elaboration of the first and second headnotes is required.

■ "A written instrument, although not signed, will, if orally assented to by the parties, constitute the agreement. Such instrument, however, will not be admissible in evidence until it is shown prima facie that the terms were assented to. It therefore follows that a writing purporting to be a verdict and decree, pleaded only as an agreement between the parties, which was signed by no one other than a person signing as a foreman of a jury and another signing as presiding judge, was not admissible in evidence until it was shown prima facie that the parties sought to be bound thereby assented to its terms." *Kidd* v. *Huff,* 105 *Ga.* 209 (2) (31 S. E. 430). The amendment, of course, was a matter of pleading and alleged that the terms of the agreement as set out in the amendment were assented to. "An accord is merely an agreement, and, in contemplation of law, there can not be such a thing as an accord and satisfaction unless the accord is satisfied by an exact compliance with the completion of the agreement. Until there is complete satisfaction the accord is merely executory." *Kennedy* v. *Maddox,* 15 *Ga. App.* 684, 686 (84 S. E. 153), and cit. From the allegations of the amendment there was an accord, but no satisfaction; and therefore the court did not err in disallowing the amendment.

■ Ground 4 of the motion for new trial is as follows: "Because the following harmful evidence was illegally admitted in evidence by the court, over the objection of movant then and there urged, to wit: Mrs. Mary Clara Pender, sworn by the plaintiff, testified as follows: 'Shortly after I became administratrix of my mother's will de bonis non with the will annexed, F. M.

Parker Jr. became indebted to me in my capacity as administrātrix of my father's will. F. M. Parker Jr. became indebted to me. That was in 1927. My father died in January, 1927. These debts arose about April or May, when he took off the things my father left and sold them and didn't give me the money. When I made demand on him he said he was not going to pay me. He did not deny owing it, but he said he had it fixed where I couldn't get it; after I tried to collect it he said he went and fixed things so I couldn't collect it.' Movant objected to the introduction of this evidence at the time it was offered, and then and there urged before the court the following grounds of objection: (a) Because the same was immaterial, irrelevant, and incompetent. (b) It was a transaction between a dead man and a witness not a party to this case, and therefore incompetent. (c) This evidence was incompetent, because it was too vague and indefinite to be made the basis of any claim and was too indefinite as to amount and price to prove for any valid and legal claim." The admission of this evidence was not error for any reason assigned.

■ The judge submitted to the jury the one question of fact whether or not a certain deed alleged to have been made by F. M. Parker Jr. to S. V. Parker was valid. He charged the jury: "S. V. Parker contends he had a deed made by F. M. Parker Jr. to him, to himself, to certain interests in certain land belonging to the estate of Mrs. Mary Jane Parker, and certain other property in the deed. The issue for you to determine is whether or not that is a good and valid deed or is not. The administratrix of that estate and also some of the heirs at law of the estate attack that deed on the ground it was not a valid deed, because of its want of consideration, and fraudulent, that it was made for the purpose of evading the payment of debts. You have heard the evidence on that issue, and it is for you to determine whether or not that is a good and valid deed conveying to S. V. Parker the property described in the deed, or whether or not the deed is invalid for any good reason shown to you by the evidence. The deed is introduced in evidence. There is no question made as to the fact there was deed made to him by F. M. Parker Jr., but the question is, as to the good faith of that deed, whether it was a real, honest transaction, a transaction made in good faith, or was made for the purpose of assisting F. M. Parker Jr. in covering up his property against any or some

creditors. That is the only issue in the case. I don't mean to say you may not have difficulty in coming to a conclusion about it, but you are to determine that issue, and that is the sole issue submitted to you. Now they allege fraud. I charge you, the deed is presumed to be all right and a valid deed, until it is shown by the evidence to be otherwise. Now fraud can not be presumed. You can not presume, in the absence of evidence, this deed was fraudulent, and you will consider the evidence and see whether or not the evidence indicates the deed was fraudulent. The law is that fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction to the jury of its existence. It don't mean necessarily slight evidence convinces the jury; but if the preponderance of evidence shows, in the opinion of the jury, that the deed was not a bona fide deed in regular course of business, an ordinary transaction between man and man, if the evidence shows that, and you are satisfied it does show that by a preponderance of evidence that it was not a good deed but was a fraudulent deed, why you will so find. Now, for a man to sell away his property for the purpose of protecting himself from creditors, if there are circumstances that indicate that and show the party who took the deed knew that such was his purpose, why then that deed would be invalid and should be set aside if that is satisfactorily shown." Various exceptions to this charge are taken in the motion for new trial; and while they are stated in various forms, they all revolve around the question whether the jury was properly instructed as to acts void against creditors, or that, in order to make a voluntary conveyance void against creditors and the purchaser, the conveyance must be covinous and fraudulent, and not voluntary only. We are of the opinion that, under the pleadings and evidence as they stood at the time of the trial, the charge as given covered the issues in the case, and was not error for any reason assigned. Nor was the refusal of a request to charge Civil Code (1910) § 3224 erroneous for any reason assigned.

The last three headnotes require no elaboration.

*Judgment affirmed. All the Justices concur.*