29470. BLALOCK *v.* MILLERS NATIONAL INSURANCE COMPANY *et al.*

DECIDED JUNE 27, 1942.

472

*W. L. Bryan, Bennett Wimberly,* for plaintiff.
*A. S. Grove, Claud F. Brackett,* for defendants.

FELTON, J. (After stating the foregoing facts.) The gist of the first count seems to be that McJenkin, in the course of the exercise of his actual authority to deliver the draft, committed a fraud upon the plaintiff which justified her in relying upon his apparent authority to agree on behalf of the insurance company to repair the building. This count is without merit, because no fraud is alleged which justified the plaintiff's failure to read the draft and the stipulation appearing over her indorsement. No emergency is alleged, and it is not alleged that the plaintiff could not read or could not understand the stipulations on the draft if she read them. If the plaintiff had read the draft the information gained thereby would have put her on notice that the insurance company had not elected to repair the building but had elected to pay her the amount she had claimed. She should and would have known that if the company desired to repair the building or have it repaired it would not have issued her a draft for her loss providing for a complete release under the policy. What has just been stated also shows that the second count is without merit.

The second count seems to be predicated on the idea that the plaintiff was justified in believing that McJenkin had apparent authority to make the contract, even if he did not commit a fraud justifying the plaintiff in signing the draft without reading it. The petition nowhere alleges that the McJenkin Insurance & Realty Company, the agent which countersigned the policy, was a general agent of the insurance company or that it had authority to adjust the loss. In fact it is clearly indicated that the agent delivering the draft was performing a ministerial function of delivering to the plaintiff the amount of her claimed loss, whether in a draft or in cash. The plaintiff did not demand cash; so that issue is not involved. In addition to what has been said, attention should also be called to the fact that the insurance policy provided that "in any matter relating to this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this company." The many cases cited by plaintiff, involving authority of agents, adjusters, and agents authorized to deliver drafts. or make payment in cash if demanded, are distinguishable from this case on their facts. Neither count of the petition set out a cause of action, and the court did not err in sustaining the general demurrer and in dismissing the action as to the insurance company.

*Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J., dissenting. I concur in the judgment that the first count of the petition does not set out a cause of action. I dissent from the judgment that the second count does not set out a cause of action. From the allegations in the second count it appears that the plaintiff did not accept the draft of the insurance company, but merely indorsed it and left it in the hands of the company, through its agent with whom she was dealing and who had brought her the draft, for the purpose of having the money to be realized on the draft used by the company, through the individual with whom she was dealing and who was the agent of the company, to make the repairs on the plaintiff's house. Shea *v.* Manhattan Life Insurance Co., 224 Mass. 112 (112 N. E. 631). It appears from the allegations that the agent of the company, in agreeing with the plaintiff to take the proceeds of the draft and apply them towards the repair of the house, was acting within the apparent scope of his authority as agent for the company, and therefore that the company was acting through and by him in deal-

ing with the plaintiff. From the allegations it appears that the repairs to the house were made by the company, through its agent with whom the plaintiff dealt, and who had agreed with the plaintiff to make such repairs, and that the company was responsible, as alleged, for failing to properly make the repairs to the plaintiff's damage.