CROW *v.* BOWERS

ATKINSON, Presiding Justice. 1. Where a petition seeks cancellation of a written instrument and alleges that the instrument sought to be canceled was "a release from all further claims," in construing the petition most strongly against the pleader, which must be done, the instrument will be construed as a full contract of release, and not merely a receipt.

2. Where it is sought to set aside a written instrument which is a full contract of release from all further claims, and not merely a receipt, parol evidence is not admissible to vary or alter its terms. *Walters* v. *Odom,* 53 *Ga.* 286, 289; *Southern Bell Telephone &c. Co.* v. *Smith,* 129 *Ga.* 558 (59 S. E. 215) ; *Pennsylvania Casualty Co.* v. *Thompson,* 130 *Ga.* 766 (61 S. E. 829) ; *Jewell* v. *Norrell,* 66 *Ga. App.* 11 (4) (16 S. E. 2d, 797).

3. Where a liquidated debt, upon which there is no dispute as to the amount due, is agreed to be settled for less than its face value and the settlement is consumated by the payment of the amount agreed upon and the execution and delivery of a writing stating that it is "a release from all further claims," this is an accord and satisfaction and an extinguishment of all liability therefor by the debtor. Code, § 20-1204; *Tarver* v.

*Rankin,* 3 *Ga.* 210; *Brown* v. *Ayer,* 24 *Ga.* 288; *Tyler Cotton Press Co.* v. *Chevalier,* 56 *Ga.* 494 (5); *Burgamy* v. *Holton,* 165 *Ga.* 384 (3) (141 S. E. 42); *Collier* v. *Mayflower Apartments,* 196 *Ga.* 419 (2) (26 S. E. 2d, 731).

4. A petition, seeking the cancellation of the instrument above described, in which there was no sufficient allegation of fraud, or other grounds authorizing a cancellation, was subject to the general demurrer interposed thereto, and the trial court erred in overruling the same.

*Judgment reversed. All the Justices concur.*

No. 16521.  FEBRUARY 16, 1949.

788

*M. G. Hicks,* for plaintiff in error.
*James F. McNamara* and *Robert L. Royal,* contra.