35274. OWENS *v.* SERVICE FIRE INS. CO. OF NEW YORK.

DECIDED JULY 16, 1954—REHEARING DENIED JULY 28, 1954.

*Adams & McDonald,* for plaintiff in error.

*Pittman, Hodge & Kinney, H. E. Kinney,* contra.

TOWNSEND, J. ■ Counsel for the defendant contends that it is not liable for the reason that the release hereinbefore set forth constitutes a complete defense as such and as an accord and satisfaction of its liability under the policy of insurance. Code § 20-905 provides as follows: "A rescission of the contract by consent, or a release by the other contracting party, is a complete defense." Code § 20-1201 provides as follows: "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract."

Counsel for the plaintiff insists that because the policy of insurance provided that the company might either pay the loss in money or repair the automobile, at its option, and because they had done neither in a satisfactory manner, and the money having been paid at the direction of the insured to Lambert Motor Company, this resulted in the insured receiving no benefit (the truck not having in fact been properly repaired) from the subsequent agreement and the same was without consideration. Code § 20-302 provides as follows: "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." "A consideration need not be a benefit accruing to the promisor", but may be a benefit accruing to another. *Porter Fertilizer Co.* v. *Brewer,* 36 *Ga. App.* 329 (136 S. E. 477). It follows therefore that there was a consideration for the release given by the plaintiff to the defendant, in that the defendant suffered injury thereby to the extent of paying out $342.54, the amount of money agreed upon between the parties as representing the total damage to the plaintiff's truck less the $100 deductible, and that a benefit resulted to Lambert Motor Company who received this sum upon the direction of the plaintiff. The plaintiff also received another direct benefit from this agreement and release, which was the guarantee of Lambert Motor Company to complete all repairs listed on the estimate sheet prior to the plaintiff's turning his truck over to them for repair. Accordingly, the cases cited by the plaintiff (*Herrington* v. *Herrington,* 70 *Ga. App.* 768, 29 S. E. 2d 516; *Bruton* v. *Wooten,* 15 *Ga.* 570; *Carlton* v. *W. & A. R. Co.,* 81 *Ga.* 531, 7 S. E. 623; *Richmond & Danville R. Co.* v. *Walker,* 92 *Ga.* 485 (1), 17 S. E. 604), to the effect that an accord and satisfaction is a contract and must be based on a valid consideration, do not apply here, as there was a consideration of $342.54 for the release. The policy contained an option either to "pay for the loss in money" or to "repair the automobile." Of course, if the automobile were properly repaired, the loss would be the amount it cost to make the repairs. The plaintiff and defendant agreed upon this amount, based upon the estimate of the garage and its guarantee to make the stated repairs for the stated sum. Had the plaintiff at this point accepted the sum directly, had he himself taken the truck to the garage and paid over to that company

the amount of the settlement, he could not be heard to complain that the insurance company had failed to live up to its contract if the repairs were thereafter not properly made. Instead of paying over the sum directly, he directed the insurance company to pay it over for him, and expressly provided that such payment by them would be an unconditional realease of their liability to him. This agreement was executed by the defendant by payment of the money as directed. Accordingly, those cases which hold that a subsequent agreement founded upon no new consideration will not amount to an accord and satisfaction unless the new agreement is itself executed (*Parker v. Pender*, 174 *Ga.* 579, 163 S. E. 506; *Kennedy* v. *Maddox*, 15 *Ga. App.* 684, 84 S. E. 153; *Atlanta Life Ins. Co.* v. *Walker*, 53 *Ga. App.* 80, 184 S. E. 776), have no application here, for the new agreement constituting the release was in fact executed. The case of *Patterson* v. *Ramspeck & Green*, 81 *Ga.* 808 (4) (10 S. E. 390) has no application to the facts here, that case holding merely that a defense seeking to set out that, after a note became due, the creditor agreed with the debtor for no new consideration, that it might be paid in a manner other than that called for by the instrument. Such an agreement would of course be without consideration.

As stated in *Pennsylvania Casualty Co.* v. *Thompson*, 130 *Ga.* 766, 769 (61 S. E. 829): "The fact that the consideration for which the claim was settled was less than the full amount the plaintiff, under the proofs furnished by him, would be entitled to receive, would not affect the validity of the release." See also *Smith* v. *Ga. R. & Bkg. Co.*, 131 *Ga.* 470 (62 S. E. 673); *Blalock* v. *Millers National Insurance Co.*, 67 *Ga. App.* 469 (1) (21 S. E. 2d 131); *Farmer* v. *Bankers Health & Life Ins. Co.*, 69 *Ga. App.* 105, 109 (24 S. E. 2d 831); *Howard* v. *Georgia Home Ins. Co.*, 102 *Ga.* 137 (1) (29 S. E. 143). The plaintiff here having executed a release in full for an amount agreed by him to cover all liability of the defendant under its policy of insurance, and the defendant having paid over the amount stipulated in accordance with the directions of the plaintiff (in which connection see *Maloof* v. *George*, 22 *Ga. App.* 82 (1) 95 S. E. 310), and there being no contention that there was any fraud involved such as prevented the plaintiff from investigating and determining for

himself the amount of his damage, or from reading and understanding the contents of the instrument which he signed, a verdict was demanded in favor of the defendant, and the court did not err in so directing it. In view of what has already been pointed out herein, the transaction consisting of the signed release and the facts and circumstances surrounding it can hardly be construed to constitute an election on the part of the insurance company to "repair the automobile" instead of "to pay for the loss in money." Had the election been to repair the automobile, it would have been the duty of the insurance company to take complete charge of the truck, have it repaired, and deliver it back to the policyholder in its repaired condition. A failure in this respect would render it liable under the terms of the policy. The transaction must be construed as an election on the part of the company "to pay for the loss in money"; that the parties agreed that the loss was the amount shown by the estimate of Lambert as the cost of repairs, and that payment to Lambert of this sum as directed by the insured constituted a satisfaction of the obligation of the insurance company under the terms of its policy.

Error is assigned in the bill of exceptions on the admission in evidence over objection of the release signed by the plaintiff and the direction to pay over the money to Lambert Motor Company; on the check showing receipt by Lambert Motor Company of this sum, and its identification by testimony; on the estimate of Lambert Motor Company; and on the exclusion of testimony offered by the plaintiff that at the time these instruments were executed and he turned the truck over to the repairman he had an oral agreement with the insurance adjuster for the defendant that the vehicle was to be satisfactorily repaired and he was not to accept it until it was so repaired, the error contended being that the documents admitted were an attempt to establish a defense of accord and satisfaction when there was no evidence that the same was intended by either party as an accord and satisfaction, and no consideration therefor, and the exclusion of the testimony prevented the plaintiff from proving that there was no consideration for the agreement which he in fact had with the insurance company, to the effect that if he signed the papers constituting the release they would see to it that the automobile was properly repaired.

In *Crow* v. *Bowers,* 204 *Ga.* 786 (2, 3) (51 S. E. 2d 855) it is held as follows: "Where it is sought to set aside a written instrument which is a full contract of release from all further claims, and not merely a receipt, parol evidence is not admissible to vary or alter its terms. *Walters* v. *Odom,* 53 *Ga.* 286, 289; *Southern Bell Telephone &c. Co.* v. *Smith,* 129 *Ga.* 558 (59 S. E. 215); *Pennsylvania Casualty Co.* v. *Thompson,* 130 *Ga.* 766 (61 S. E. 829); *Jewell* v. *Norrell,* 66 *Ga. App.* 11 (4) (16 S. E. 2d 797). Where a liquidated debt, upon which there is no dispute as to the amount due, is agreed to be settled for less than its face value and the settlement is consummated by the payment of the amount agreed upon and the execution and delivery of a writing stating that it is 'a release from all further claims', this is an accord and satisfaction and an extinguishment of all liability therefor by the debtor. Code § 20-1204; *Tarver* v. *Rankin,* 3 *Ga.* 210; *Brown* v. *Ayer,* 24 *Ga.* 288; *Tyler Cotton Press Co.* v. *Chevalier,* 56 *Ga.* 494 (5); *Burgamy* v. *Holton,* 165 *Ga.* 384 (3) (141 S. E. 42); *Collier* v. *Mayflower Apartments,* 196 *Ga.* 419 (2) (26 S. E. 2d 731)." In *Rivers* v. *Cole Corporation,* 209 *Ga.* 406 (73 S. E. 2d 196) it was held as follows: "When a creditor receives and retains a sum of money from his debtor less than the amount actually due him with the understanding, either express or implied, that it is received by him in satisfaction of his claim or demand, he cannot thereafter treat it as a nullity and recover the balance, and this is so whether his claim or demand be disputed or undisputed, liquidated or unliquidated; but this rule does not apply where the contract is executory and must be enforced in a court of law. Code § 20-1204." As has already been seen, the release agreement in this case was executed. It follows that the papers so admitted were proper to show the terms of the written agreement, and that the parol evidence was inadmissible to alter or vary its terms. There is no merit in these assignments of error.

■ The remaining objections assigned as error in the bill of exceptions are that the court required the plaintiff to answer a question as follows on cross-examination: "And you told him, 'I want the repairs made at Lambert Motor Company,' didn't you?", and also that the court allowed a witness to testify that another company was supposed to do $100 worth of work on the

560

frame, and that they took it and straightened it. It does not appear that these rulings, even if they should have been erroneous, worked any harm upon the movant, since they would have in no event affected the propriety of the court's directing the verdict against him. Accordingly, no reversible error is shown. *Ginn* v. *Carithers*, 14 *Ga. App.* 298 (2) (80 S. E. 698).

The trial court did not err in directing a verdict in favor of the defendant.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*