Ernest **MENENDEZ** and Theresa
Menendez, Plaintiffs-Appellants,

v.

**PERISHABLE DISTRIBUTORS, INC.,**
and Edgar Newton Crowe, Jr.,
Defendants-Appellees.

No. 83–8470.

United States Court of Appeals,
Eleventh Circuit.

Oct. 29, 1984.

David S. Bills, Atlanta, Ga., for plaintiffs-appellants.

M. Scott Barksdale, Atlanta, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, JOHNSON and CLARK, Circuit Judges.

JOHNSON, Circuit Judge:

In this action for damages, the plaintiff appeals from the district court's order directing a verdict in favor of the defendants, claiming that the court erroneously allowed the defendants to amend their answer at trial to assert the affirmative defense of release without giving the plaintiff full and fair opportunity to collect and present extrinsic evidence explaining the intent of the contracting parties not to release the defendants from liability. We conclude that our disposition of this appeal depends upon important questions of state law for which Georgia courts have not yet provided clear, controlling precedent. Accordingly, we have stayed further deliberations by this Court pending determination of the questions herein certified to the Supreme Court of Georgia pursuant to Rule 37(a) of the Rules of the Supreme Court of Georgia.

The following is the statement of facts and certified questions of law proposed to the Supreme Court of Georgia.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO RULE 37(a) OF THE RULES OF THE SUPREME COURT OF GEORGIA. TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF:

■ It appears to the United States Court of Appeals for the Eleventh Circuit that the above-styled case now before this Court involves questions of law of the State of Georgia which are determinative of the cause and that no clear, controlling precedent exists in the decisions of the courts of the State of Georgia. Therefore, this Court certifies the following questions of law to the Supreme Court of Georgia for instructions concerning said questions of law, based on the facts recited herein.

## I. STYLE OF THE CASE

The style of the case in which this certification is made is Ernest Menendez and Theresa Menendez, Plaintiffs-Appellants, versus Perishable Distributors, Inc., and Edgar Newton Crowe, Jr., Defendants-Appellees, Case No. 83–8470, United States Court of Appeals for the Eleventh Circuit on appeal from the United States District Court for the Northern District of Georgia.

## II. STATEMENT OF THE FACTS

Appellant Ernest Menendez was a passenger in an automobile owned and operated by Ronald Gordon Pearson when Pearson lost control of the automobile and was struck head-on by a tractor-trailer owned by appellee Perishable Distributors, Inc., and being operated by appellee Edgar Newton Crowe, Jr. Menendez was injured in this collision. The accident occurred in Georgia, and the defendants Perishable Distributors and Crowe reside in Georgia. Menendez resides in Florida.

Invoking diversity jurisdiction, Menendez filed suit in the United States District Court for the Northern District of Georgia against Pearson, Perishable Distributors, and Crowe, alleging that the combined negligence of Pearson and Crowe had caused the collision and his injuries. The district court dismissed Pearson as a defendant because total diversity was not present, and Menendez filed a concurrent suit against Pearson alone in a Florida state court.

The Florida litigation was settled before trial proceedings began in the case that remained in federal court against Perishable Distributors and Crowe. In connection with the settlement, Menendez signed a release forever discharging Pearson "and all other persons, firms or corporations ... from any and all claims, demands, actions, causes of actions or suits of any kind or nature whatsoever..." arising as a result of the collision. The release was executed in Florida, and neither Perishable Distributors nor Crowe learned of its existence until their trial was underway in federal court.

■ When the existence of the release was discovered at trial, the district court permitted the defendants to amend their pleadings to include this affirmative defense and directed Menendez to produce the settlement documents, as well as any evidence he might have that would meet this defense. Georgia law does not permit the introduction of extrinsic evidence to explain the intent of the contracting parties where the terms of a release are unambiguous. *E.G.*, *Henslee v. Houston*, 566 F.2d 475, 479–80 (5th Cir.1978); *Crow v. Bowers*, 204 Ga. 786, 51 S.E.2d 855, 857 (1949); *Griffin Hosiery Mills v. United Hosiery Mills*, 31 Ga.App. 450, 120 S.E. 789 (1923). Menendez contended that extrinsic evidence which was not immediately available would show the intent of the contracting parties had not been to release Perishable Distributors and Crowe from liability, but the district court directed a verdict in the defendants' favor.

Menendez has appealed, arguing that under Georgia choice of law rules the sub-

stantive law of Florida governs the effect of the release and the admissibility of extrinsic evidence showing an intent on the part of the contracting parties contrary to that which appears on the face of the contract. The defendants, during oral argument before this Court of Appeals, conceded that under Georgia choice of law rules Florida's substantive law governs, but they contended that any error in the district court's ruling was harmless since Menendez was permitted to introduce whatever evidence he then had available.

## III. CERTIFIED QUESTIONS

[3] Relying on the foregoing facts, this Court requests that the Supreme Court of Georgia address the following questions of law:

(1) Under the choice of law rules of the State of Georgia, what state's substantive law governs the effect of a release that was executed in the State of Florida and that, by its terms, forever discharged "all ... persons, firms or corporations ... from any and all claims, demands, actions causes of actions or suits of any kind or nature whatsoever" arising from an injury-causing accident which occurred in Georgia?

(2) Under the choice of law rules of the State of Georgia, what state's substantive law governs the admissibility of extrinsic evidence establishing the intent of the contracting parties who executed a release in the State of Florida that, by its terms, forever discharged "all ... persons, firms or corporations ... from any and all claims, demands, actions, causes of actions or suits of any kind or nature whatsoever" arising from an injury-causing accident which occurred in Georgia?

(3) Assuming the answers to the previous questions are to the effect that Georgia law governs: Under the substantive law of the State of Georgia, can litigants stipulate during oral argument before an appellate court to choice of law rules that differ from the choice of law rules later pronounced by the courts of the State of Georgia, where accepting the stipulation would result in an application of another state's substantive law to govern the effect of a release and the admissibility of extrinsic evidence establishing the intent of the contracting parties?

The clerk of this Court is directed to transmit this certificate, as well as the briefs and records filed with the Court, to the Supreme Court of Georgia and simultaneously to transmit copies of the certificate to the attorneys for the respective parties.